JOHN L. BOWMAN v. H. A. BROWN AND JESSE HALL.

*Impounding Cattle.*

1. When one without force or fraud has taken another's cattle in his own enclosure and is proceeding to impound them, the owner cannot lawfully "fight himself" into legal possession, and thereby rescue them, but he must resort to the law; and this is so although the impounding is without right.
2. R. L. s. 3998, rescuing beast being impounded, construed.

TRESPASS. The declaration contained four counts. The first, second and fourth counts were based on the statute, R. L. s. 3998, passed to prevent the owner of a beast from impeding an impounder ; the third count was for assault and battery. Plea, general issue. Trial by court, Windsor County, May Term, 1881, TAFT, J., presiding. Judgment for the plaintiff.

It appeared on trial that the defendant's cow was kept in a pasture near the plaintiff's enclosure, with an arable field between the pasture and enclosure ; that there was a fence between the field and pasture, but by agreement of the owners none between the field and said enclosure ; that the cow escaped into this field and thence on to the plaintiff's land, where he seized her, tied her to a post and was about to drive her to the pound, when said Hall, a servant of said Brown, and by his direction, forcibly took the cow from the plaintiff; that said Brown, when he learned where his cow was, went to the plaintiff and proposed to pay for any damage that had been done by the cow ; that the plaintiff said all he wanted was that the defendant should take the cow and take care of her, but said Brown did not give him to understand that he would do so, but proceeded to untie the cow, and finally directed his servant, Hall, as stated above. The testimony was conflicting ; but the court found that the plaintiff did not relinquish possession of the cow, or his intent to impound her, and that he was guilty of no unreasonable delay in carrying his design to impound her into execution ; and further found that the plain-

tiff in his attempt to retain possession of the cow was injured in his person, by reason of the acts of the defendants, and suffered damages in consequence thereof to the amount of sixty dollars.

*D. C. Denison & Son*, for the defendants.

The plaintiff cannot sustain his action unless he was lawfully in possession of the cow. *Barrows* v. *Fassett*, 36 Vt. 625. There was no division fence, by agreement of the adjoining owners; therefore, the plaintiff had no right to impound, because it was his own neglect that his land was not protected. *Ladue* v. *Branch*, 42 Vt. 574; *Hooper* v. *Kittredge*, 16 Vt. 677; *Wilder* v. *Wilder*, 38 Vt. 678; *Porter* v. *Aldrich*, 39 Vt. 326.

*Hunton & Stickney*, for the plaintiff, claimed in their argument substantially as the court hold.

The opinion of the court was delivered by

VEAZEY, J.   The recovery below was had, under the count for assault and battery, for injuries received by the plaintiff while proceeding to impound the cow of the defendant Brown and in resisting the assaults of the defendants in their efforts to rescue the cow.   The defendants claimed they had the right to retake the cow and to use such force as was necessary for that purpose, for the alleged reason that under the facts found the plaintiff had no legal right to impound the cow.   The plaintiff had not obtained possession wrongfully or with any fraudulent purpose.   The cow was in his enclosure and he was proceeding to deal with it as he thought he had a right to do.   Defendants' counsel insist that the rule is established in this State to the effect that a person who is out of possession may lawfully " fight himself " into legal possession.   This rule has not been expressly. adopted except in cases where the owner was dispossessed by force or fraud and the pursuit was fresh.   *Hodgedon* v. *Hubbard*, 18 Vt. 504.   And such cases have been somewhat criticised but not overruled.   *Dustin* v. *Cowdry, et al.*, 23 Vt. 631.   The statute provides that " a person may impound a beast found in his enclosure doing damage." R. L. s. 3978.   It also provides a penalty for rescuing a beast

from the custody of a person driving or being about to drive it to pound. R. L. s. 3998. If a beast is impounded without right, the owner has ample legal remedy. We think the effect of the statute is to restrict interference by force to rescue the beast. It clothes persons whose premises have been invaded by their neighbors' stock with a *quasi* official power. Like officers serving process they proceed at their peril, but it is only a legal peril. This construction would conduce to peace and good order, while the other view would naturally promote encounters and encourage breaches of the peace, where the law furnishes full remedy for the protection and settlement of respective rights.

If the County Court had found the facts to be as it found the defendants' testimony tended to show them, there would have been strong ground for holding, as the defendants' counsel now claim, that the plaintiff gave up his purpose to impound and surrendered the possession of the cow, after which he had no right to interfere ; but the court say the testimony on these facts was conflicting and find against the defendants on this point. The exceptions do not expressly state that the plaintiff notified the defendants of his purpose to impound the cow, but we think they state enough to show that the defendants so understood it.

The judgment of the County Court is affirmed.