## MOSES JOHNSON *v.* MILTON F. PERRY.

*Assault. Defence of one's property. Recapture. Evidence.*

1. The plaintiff went on to the defendant's premises and loaded the slabs without right or license. *Held*, in an action for assault, that the defendant, the owner of the slabs, could use sufficient force to retake them.
2. The court allowed a witness to testify as to a conversation between himself and a third party, while the plaintiff was thirty or forty feet distant. *Held*, that it was not error, under an objection that the plaintiff was not present, the jury having been instructed to determine whether the plaintiff heard the conversation.

TRESPASS for an assault. Plea, general issue with notice.

Trial by jury, September Term, 1883, Rowell, J., presiding. Verdict for the defendant. The court instructed the jury as to the testimony of one Higgins, that they were to inquire whether Johnson heard and understood what was being said; and that if he did not, of course no inference could be drawn against him on account of his silence. See *Johnson* v. *Perry*, 54 Vt. 459.

*H. F. Wolcott*, for the plaintiff.

The testimony of Higgins was hearsay. *Hersey* v. *Barton*, 23 Vt. 685.

The charge of the court, as to defendant's rights to use force to repossess himself of the wood on Johnson's sled, in case it belonged to defendant, was too broad, under the circumstances of the taking, as disclosed by the evidence, and erroneous. *Johnson* v. *Perry*, 54 Vt. 459; *Bowman* v. *Brown*, 55 Vt. 184.

*E. L. Waterman*, for the defendant.

The defendant could use what force was necessary to repossess himself of his property. *Hodgeden* v. *Hubbard*, 18 Vt. 504; *Richardson* v. *Anthony*, 12 Vt. 273; *Yale* v. *Seeley*, 15 Vt. 221; *Johnson* v. *Perry*, 54 Vt. 459.

The opinion of the court was delivered by

Veazey, J.   The slabs in question belonged to the defendant, but were in the possession of the plaintiff, on his sled, on the defendant's premises. The plaintiff had got the possession without permission of the defendant. Under these circumstances the defendant was proceeding to repossess himself of the slabs, by throwing them from the sled, when the plaintiff interfered, by throwing the slabs back on to the sled; and the defendant used what force was necessary to prevent the interference, and to unload the slabs.

For the assault of the defendant, under these circumstances, this suit was brought. Had the defendant the legal right to use this force upon the plaintiff, is the question to be determined.

In *Yale* v. *Seeley*, 15 Vt. 221, it was held, that one has a

Johnson *v.* Perry.

legal right to enter upon the land of another to take away wood belonging to the former; and should the owner of the land attempt to hinder him in the enjoyment of the right, he would be justified in using so much force as might be necessary to overcome the hinderance. He had, in that case, bought the trees of a former owner of the land, and cut them before the sale of the land. It was insisted in that case, that the party, claiming the right to go upon another's land for such purpose, is entitled to the enjoyment of it only when it can be done in a "peaceable manner." The court said upon this point: "This is a qualification that is sometimes affixed to the right of recapture and reprisal, and applies to the regaining of personal property that has been wrongfully taken or withheld; and the law recognizes the right only with that qualification. But it is not so with regard to the *right* to enter upon another's land. If it is my right, the law will protect me in the enjoyment of it, and the person who attempts to hinder or obstruct me is the aggressor, and the first in the wrong."

In *Hodgeden* v. *Hubbard*, 18 Vt. 504, it was held, that if a person purchase personal property, such as a stove, by means of false and fraudulent representations as to his solvency and means of paying for it, he acquires no right either of property or possession, and the vendor will be justified in pursuing him and retaking the property, and to effect this object, even against the resistance of the purchaser, he may use as much force as may be necessary. In delivering the judgment of the court, Chief Justice WILLIAMS said: "In the present case the defendant had clearly a right to retake the property thus fraudulently obtained from him, if it could be done without unnecessary violence to the person, or without breach of the peace. It is admitted by the counsel for the plaintiff, that a right to recapture existed in the defendant, if it could be done without violence, or breach of the peace, and how far this qualification of the right to retake property, thus taken, was intended for the security or benefit of the fraudulent possessor, may admit of some doubt. Whoever is guilty of a breach of the peace, or of doing unnecessary

violence to the person of another, although it may be in the assertion of an unquestioned and undoubted right, is liable to be prosecuted therefor. But the fraudulent possessor is not the protector of the public interest. To obtain possession of the property in question, no violence to the person of the plaintiff was necessary or required, unless from his resistance. It was not like property carried about the person, as a watch or money, nor did it require a number of people to effect the object. The plaintiff had no lawful possession, nor any right to resist the attempt of the defendant to regain the property."

These cases were criticised in *Dustin* v. *Cowdry*, 23 Vt. 631, but not overruled. When the case at bar was before this court at the February Term, 1882, reported in the 54th Vt. 459, Judge Ross said: "On the doctrine of these cases, the plaintiff was entitled to have his request complied with." The charge to the jury conformed to the doctrine of these cases, and must be held correct, or these cases practically overruled.

Indeed, this case is scarcely as strong for the plaintiff as was that of *Hodgeden* v. *Hubbard*. There, the defendant had put the plaintiff in possession of the stove, and the latter had departed, and was on his way home. In this case, the plaintiff had gone on to the defendant's premises and loaded the slabs without any right or license, and before he had departed, the owner interfered. The property was of a kind that could be retaken without violating the person of the plaintiff, unless he became the aggressor by wrongfully hindering the defendant in his lawful act.

We should not be disposed to extend the law of the *Hodgeden* v. *Hubbard* case. But we are not disposed to overrule it, especially in this case; or to adopt a rule, that when one man goes on to another's premises, without right or license, and undertakes to carry away his property, the latter cannot interfere to stop it, and to use sufficient force for the purpose, even against the resistance of the wrong doer, when, in order for the owner to

assert his right, he can do it without violating the person of the wrong doer, unless he interferes and persists in his wrong doing.

The only objection and exception to the testimony of Higgins as to the account of the affray which Massy gave just after it occured, having been present and seen it, was that the account was not given in the presence and hearing of the plaintiff. But it appears that the plaintiff was present, and stood within thirty or forty feet of Massy, when he related to Higgins what he saw. The parties being so near together, it was proper for the court to admit the evidence as against the objection made.

Whether it might not have been objected to on other ground that would have been valid, as indicated in *Hersey* v. *Barton*, 23 Vt. 685, and *Gale* v. *Lincoln*, 11 Vt. 152, is a question not before us on this bill of exception. Treating the evidence as properly in, it was correctly guarded by the instructions.

Judgment affirmed.