## SABRE v. MOTT.

### (Circuit Court, D. Vermont. July 30, 1898.)

1. ASSAULT AND BATTERY—JUSTIFICATION.
   One has no right to take a paper from the person of another by force or threats, even if he has a right to the possession thereof.

2. SAME—DAMAGES.
   Five hundred dollars damages to one who was assaulted by being seized by the collar at the throat, and threatened with the fist, whereby he was afflicted with nervous prostration, is not an excessive award.

This was an action for assault and battery brought by George W. Sabre against Henry Mott. Heard on motion to set aside the verdict as excessive and for error.

Felix W. McGettrick, for plaintiff.

Hiram M. Mott and James L. Martin, for defendant.

WHEELER, District Judge. The plaintiff, the defendant, and one Langlois were together to carry out a contract signed by the plaintiff, by which a mortgage held by him was to be foreclosed at the expense of the defendant, and he was to quitclaim the premises on payment of the sum due, and which the defendant had assigned to Langlois, who had on the day before brought the contract, and paid the sum due, to the plaintiff, who had kept the contract without objection from Langlois, and had it with him in his pocket, but he had not delivered the deed because not assured that the expenses of the foreclosure had been paid. When this was alluded to, the defendant demanded the contract or a receipt for the money, both of which the plaintiff refused; whereupon the defendant seized the plaintiff by the collar at his throat, and pushed him violently against the wall of the room. This suit is brought for this assault. The plaintiff testified that the defendant said that he should never leave the room till he gave up the contract or signed his name, and swung his fist close to the plaintiff's face while holding him, and that this brought on previous nervous prostration again, and caused him much suffering and disability. The defendant denied the threats and swinging of his fist, but not the seizing of the plaintiff by the collar at his throat. Neither of them, nor any one, testified to any attempt by the defendant to take the contract from the plaintiff, and all agreed that he did not give it up nor sign anything.

Counsel for the defendant urged that he, because of his interest in the contract and duty to see it fulfilled, had a right to retake it from the plaintiff, and to use what force would be necessary for that purpose, and that the question whether he used more force than that should be submitted to the jury; but the jury were directed that, as the defendant admitted the assault, the claim to the contract afforded no justification, in any view of the evidence, and that the plaintiff was entitled to a verdict for something, and the question of damages, actual and exemplary, only was submitted. A verdict for $500 was rendered, and the cause has now been heard on a motion to set it aside for error in this ruling, and as excessive.

The contract to convey belonged to Langlois.  He had a right to rely upon the plaintiff's performance of it, without keeping it himself, and when he let the plaintiff take it the plaintiff's possession of it would seem to be rightful.  The defendant had no interest in it except to have it carried out with Langlois, and he does not seem to have had any right to disturb the possession acquired from Langlois.  But, if he had such a right, the paper had been in the plaintiff's peaceable possession for a day, and the right was in dispute, and he could not lawfully use force to assert it.  2 Am. & Eng. Enc. Law (2d Ed.) 983; Bowman v. Brown, 55 Vt. 184.  And, if he had a right to use force to take the property, it could only be for that purpose, and he would have no right to use force upon the person of the plaintiff to compel him to deliver the property.  This was held in Hodgeden v. Hubbard, 18 Vt. 504, relied upon in behalf of the defendant here.  And, as to the right of an owner to retake personal property, Blackstone said: "If, therefore, he can so contrive as to gain possession of his property again, without force or terror, the law favors and will justify his proceeding."  But the right should never be exerted "where such exertion must occasion strife and bodily contention, or endanger the peace of society."  3 Bl. Comm. 4.  No authority has been cited or noticed to the contrary of this.  So, no right to the contract, however absolute, would justify taking it by force from the plaintiff's person, and much less would it justify any assault upon his person to compel delivery of it; and there was no question about the ownership of the paper, or the amount of force necessary to retake it, to submit to the jury, upon the evidence, as decisive for the defendant of the justification set up.  The damages were wholly within the judgment and discretion of the jury, and those found are not sufficiently large to show that they were moved by passion or prejudice, or anything besides the fair exercise of their best judgment and discretion in the performance of their duty.  Motion overruled.