[No. 9889.   Department One. — May 7, 1888.]

JOSEPH BAGNALL, APPELLANT, *v.* PHILIP A. ROACH, ADMINISTRATOR ETC. OF JULIA KING, DECEASED, RESPONDENT.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — ACTION AGAINST ESTATE. — The plaintiff in an action against the administrator of the estate of a decedent, on a claim against the estate, is not entitled to a new trial on the ground of newly discovered evidence, when the only reason assigned for not producing the evidence on the trial is, that he supposed he had a right to testify personally on the trial, and for that reason made no effort to produce other evidence in support of his claim.

ID. — AFFIDAVITS MUST BE IDENTIFIED — APPEAL. — Affidavits purporting to be in support of a motion for new trial will not be considered on appeal unless identified as having been used on the motion.

ID. — REJECTION OF EVIDENCE — SPECIFICATION OF ERROR — STATEMENT. — Where the statement on motion for a new trial fails to specify as error a ruling of the trial court rejecting certain offered evidence, the ruling will not be reviewed on appeal.

ID. — COMMINGLING OF FUNDS — DEPOSIT IN BANK — PRESUMPTION OF OWNERSHIP. — The fact that a decedent, at a considerable time before her death, mingled the money of the plaintiff with her own, and deposited the same in a bank in her own name, raises no presumption that the money on deposit in her name, or any part of it, at the time of her death, is the money of the plaintiff.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Joseph Rothschild,* and *M. G. Cobb,* for Appellant.

*John A. Wright,* and *H. D. Talcott,* for Respondent.

PATERSON, J.—Julia King died in the city and county of San Francisco on the 8th of April, 1883.  The defendant Roach, public administrator, obtained letters of administration on her estate.

The deceased left some money deposited in the Hibernia Savings Bank in her own name; the amount does not appear.

The plaintiff claims that at least a thousand dollars of this money belongs to him.  On the 18th of May, 1883, he presented his claim in due form, and duly verified, to the defendant, as administrator, for allowance; but the defendant refused to allow the same, or any part thereof.

At the trial plaintiff expected to be a witness, and was called by his counsel to testify to the material facts going to establish his claim.  Under the provision of section 1880 of the Code of Civil Procedure, his proposed testimony was rejected.  This ruling of the court is not assigned in the statement as error, and cannot be considered.

Appellant now claims that, "having relied on his right to testify in the cause, he made no provision to sustain his case by other evidence.  The fault, he claims, was that of his attorney, in not advising. him of the statute prohibiting him from testifying; and he did not know of this prohibition till too late to find other testimony. The attorney believed that in such a cause of action he could testify.  Having been denied this privilege, he was thrown, as it were, *hors de combat,* and the newly discovered evidence entitled the plaintiff to a new trial."

The discovery which plaintiff and his counsel made seems to have been one of law rather than one of fact or evidence.

It is sufficient to say, furthermore, that there is nothing in the record to identify any affidavits used on motion for a new trial.

The findings of the court attacked by the appellant are fully warranted by the evidence.  Assuming it

to be true, as stated by appellant, that "the evidence shows that the defendant's intestate received from the plaintiff, or for his use, or on his account, at least $250, and which sum the decedent deposited in her own name in the Hibernia Savings Society," there is nothing to show when such deposit was made, or at least nothing to show how much, if any portion of the money which was deposited, remained in the bank at the time of her death.   It devolved upon the plaintiff to prove to the satisfaction of the court, not only that money had been deposited in her name, which belonged to him, but that it remained on deposit, and how much remained on deposit.   This he failed to do, evidently through mistake of law respecting his right to testify in the case. It was not error to exclude the bank book offered in evidence.   This book, if admitted, would have shown simply that the deceased had deposited money at some time in her own name.   This proposition was not controverted,—in fact, was not denied in the answer.   There is no direct proof that any money of the plaintiff was ever deposited in the name of Julia King, but the fact, if it be a fact, that Julia King deposited in her own name, and mingled with her own money, the money of plaintiff, several years or months, or even several weeks, before her death, raises no presumption that the money on deposit, or any part of it, at the time of her death, is the money of the plaintiff.   At least, the court below was not bound to infer or presume one fact from the existence of the other.   The court was not satisfied.   "That evidence is deemed satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind.   Such evidence alone will justify a verdict." (Code Civ. Proc., sec. 1835.)

Judgment and order affirmed.

SEARLS, C. J., and McKINSTRY, J., concurred.