GEORGE J. KIRBY, by his next friend, *vs.* SAMUEL J. FOSTER *et al.*

A. deducted from the wages of his servant B. a sum of money which had been lost, and for which A. held B. responsible.   Subsequently A. gave B. money to pay his other employees.   B. took from it the amount due himself, including the amount deducted from his wages, returned the balance, and announced his intention to leave.

*Held*, that A. could not justify personal violence used to regain the amount given to B. and retained by B.

As a general rule, the right to personalty disjoined from the possession will not justify the owner in committing an assault and battery on the possessor to regain possession, even if the possession is wrongfully withheld.

 DEFENDANTS' petition for a new trial.
 *July* 25, 1891.   STINESS, J.   The plaintiff was in the employ of the Providence Warehouse Co., of which the defendant, Samuel J. Foster, was the agent, and his son, the other defendant, an employee. A sum of fifty dollars belonging to the corporation had been lost, for which the plaintiff, a bookkeeper, was held responsible, and the amount was deducted from his pay.   On January 20, 1888, Mr. Foster handed the plaintiff some money to pay the help.   The plaintiff, acting under the advice of counsel, took from this money the amount due him at the time, including what had been deducted from his pay, put it into his pocket, and returned the balance to Mr. Foster, saying he had received his pay and was going to leave, and that he did this under advice of counsel.   The defendants then seized the plaintiff and attempted to take the money from him.   A struggle ensued, in which the plaintiff claims to have received injury, for which this suit is brought.   The jury having returned a verdict for the plaintiff, the defendants petition for a new trial on exceptions to the rulings and refusals to rule of the presiding justice.   It is unnecessary to repeat the several exceptions, since they involve substantially but one question, viz. : whether the de-

fendants were justified in the use of force upon the plaintiff to retake the money from him. As the defendants only pleaded the general issue, all requests relating to justification might properly have been refused on that ground. 1 Chitty on Pleading, *501; 2 Greenleaf on Evidence, § 92. This case, however, having been tried upon the defence of justification, we will consider the exceptions as though that defence had been pleaded.

The defendants contend that the relation of master and servant subsisted between the plaintiff and Samuel J. Foster, the manager of the warehouse, whereby possession of money by the plaintiff was constructively possession by the manager, acting in behalf of the company; and that the money having been delivered to the plaintiff for the specific purpose of paying the help, his conversion of it to his own use was a wrongful conversion amounting to embezzlement, which justified the defendants in using force in defence of the property under their charge. Unquestionably, if one takes another's property from his possession without right and against his will, the owner or person in charge may protect his possession, or retake the property, by the use of necessary force. He is not bound to stand by and submit to wrongful dispossession or larceny when he can stop it, and he is not guilty of assault in thus defending his right, by using force to prevent his property from being carried away. But this right of defence and recapture involves two things : first, possession by the owner, and, second, a purely wrongful taking or conversion, without a claim of right. If one has intrusted his property to another, who afterwards, honestly though erroneously, claims it as his own, the owner has no right to retake it by personal force. If he has, the actions of replevin and trover in many cases are of little use. The law does not permit parties to take the settlement of conflicting claims into their own hands. It gives the right of defence, but not of redress. The circumstances may be exasperating ; the remedy at law may seem to be inadequate ; but still the injured party cannot be arbiter of his own claim. Public order and the public peace are of greater consequence than a private right or an occasional hardship. Inadequacy of remedy is of frequent occurrence, but it cannot find its complement in personal violence. Upon these grounds the doctrine contended for by the defendants is limited to the defence of one's

possession and the right of recapture as against a mere wrong-doer. It is therefore to be noted in this case that the money was in the actual possession of the plaintiff, to whom it had been intrusted for the purpose of paying help, who thereupon claimed the right to appropriate it to his own payment, supposing he might lawfully do so. Conceding that the advice was bad, nevertheless, upon such appropriation the plaintiff held the money adversely, as his own, and not as the servant or agent of the company. If his possession was the company's possession, then the company was not deprived of its property, and there could be neither occasion nor justification for violence. Possession by the company would be constructive merely, which would cease when the plaintiff exercised dominion and control on his own behalf under an honest claim of right. It is only in this way, in many cases, that conversion is established. Having thus appropriated the money to himself, it is urged that the act amounted to embezzlement, which justified the intervention of the defendants to prevent the consummation of the crime. We do not think this is so. The plaintiff stated what he had done, and the grounds upon which he claimed the right to do it, handing back the balance above what was due him. A controversy followed; he started to go out, but was stopped by the defendants, and then the assault took place. The sincerity of the plaintiff's belief that he had a right to retain the money is unquestionable. Hence, as stated in *Cluff* v. *Mutual Benefit Life Insurance Co.* 13 Allen, 308, cited by the defendants, even a forcible taking of property, " if done under an honest claim of right, however ill founded, would not constitute the crime of robbery or larceny ; because, where a party sincerely, though erroneously, believes that he is legally justified in taking property, he is not guilty of the felonious intent which is an essential ingredient of these crimes."

In the most favorable view of the case for the defendants, the plaintiff having obtained the money by no crime, misrepresentation, or violence, nor against the will of its owner, retained it wrongfully. In such cases the rule is clearly stated in *Bliss* v. *Johnson*, 73 N. Y. 529 : " The general rule is, that a right of property merely, not joined with the possession, will not justify the owner in committing an assault and battery upon the person in possession, for the purpose of regaining possession, although the possession is

wrongfully withheld." See, also, *Harris* v. *Marco*, 16 S. Car. 575 ; *Barnes* v. *Martin*, 15 Wisc. 240 ; *Andre* v. *Johnson*, 6 Blackf. Ind. 375. In *Commonwealth* v. *McCue*, 16 Gray, 226, it was held that an owner of cattle, which had been taken up by one who claimed to be a field driver, had no right to commit an assault in retaking his property, even though the complainant acted only as an officer *de facto* and demanded illegal fees.

But, it is said, the plaintiff was about to carry away the money against the will of the owner. Undoubtedly this was so ; but this is true in every case of wrongful conversion of property. If it be not taken against the will of the owner, it cannot be retaken by force, but only by the usual civil remedy.

The defendants cite the following cases, which, it will be seen, are plainly distinguishable from the case at bar. *Blades* v. *Higgs*, 10 C. B. N. S. 713. This was on demurrer to a plea, which set up that the plaintiff had possession, wrongfully and against the will of the owner, of certain property, which the plaintiff was about to carry away. The plea was held to be a good justification for necessary force, upon the assumed ground that the defendants had actual possession of the chattels, which the plaintiff took against their will. In *Johnson* v. *Perry*, 56 Vt. 703, and *Gyre* v. *Culver*, 47 Barb. S. C. 592, there was no claim of right on the part of the plaintiff to the property he had taken. In *Hodgeden* v. *Hubbard*, 18 Vt. 504, the plaintiff obtained the property by false representations. *Baldwin* v. *Hayden*, 6 Conn. 453, apparently sustains the defendant's contention that an owner has a right to retake property intrusted to another, if he is about to carry it away ; yet it does not appear in that case that the defendant made any claim of title to the paper in question, only that he supposed he had permission to take it away. *State* v. *Elliott*, 11 N. H. 540, is in the same line, but extremely guarded in expression. It appears to have been a very slight assault, which the court was quite willing to justify, without consideration of authorities. But the court says the right of recapture of property is far more limited than that of its defence, and recognizes the question whether the person removing it is a mere wrong-doer, as one of the questions to be determined.

The defendants object to the charge of the court, that where a

person has come into the peaceable possession of a chattel from another, the latter has no right to retake it by violence, whether the possession is lawful or unlawful, upon the ground that this rule would prevent the recapture of property obtained by trickery or fraud. The instruction must be considered not as an abstract proposition, but with reference to the case before the jury. Nothing appeared to show that the money had been procured by misrepresentation, trickery, or fraud. It was delivered to the plaintiff voluntarily, in the usual course of business. True, under the advice of a lawyer whom he had consulted, the plaintiff had previously determined to apply the money to his own payment when he should receive it; but this did not make the delivery itself fraudulent, nor did his intent to assert what he believed to be his right make that intent criminal. We think, therefore, with reference to the case as it stood, there was no error in the charge as given, nor in the refusals to charge as requested.

*Exceptions overruled.*

*Edward D. Bassett,* for plaintiff.

*Charles A. Wilson & Thomas A. Jenckes,* for defendants.