[Sac. No. 797. Department Two. — April 4, 1901.]

In the Matter of the Estate of MARY A. BLACK, Deceased. W. F. WALL, Proponent of Will, Respondent. R. E. MOORE et al., Contestants, Appellants.

PROBATE OF WILL — CONTEST — SEPARATE ISSUES — BURDEN OF PROOF — INSTRUCTION. — Upon the contest of the probate of a will, where the three issues of mental unsoundness, undue influence, and fraud were each separately submitted to the jury at the request of the contestants, a finding for the contestants upon either of them would entitle them to judgment; and an instruction that "the burden of proving by a preponderance of evidence that the deceased was not of sound mind, and that the proposed will was executed by reason of undue influence, or that the will was invalid for any reason, rests on the contestants," is not to be construed as requiring a preponderance of evidence upon two of these issues conjunctively, but only upon each of them separately. The jury could not be misled by the form of the instruction.

ID. — VERBOSE INSTRUCTION AS TO UNDUE INFLUENCE — SUBSTANTIAL CORRECTNESS. — An instruction relating to the evidence of undue influence, though subject to the criticism that it is too verbose, is not for that reason necessarily erroneous; and where it was substantially correct, and in accord with the principles established by the decisions of this court, and it appears that all of the instructions taken together relating to that subject gave the law to the jury correctly, and as favorably as the appellants could have expected, they could not be prejudiced by the verbose instruction.

ID. — INSTRUCTIONS NOT ASSIGNED AS ERROR. — The judgment cannot be reversed for any supposed errors in the giving or refusing of instructions which were not assigned as error.

ID. — SUFFICIENCY OF EVIDENCE OF UNDUE INFLUENCE. — Evidence of mere opportunity to exercise undue influence is not sufficient; but there must be a preponderance of evidence that such influence was actually exercised, and that it bore directly on the testamentary act, and influenced the mind of the testator or testatrix at the time of the making of the will, and induced a disposition of the property that would not have been made had it not have been for such undue influence.

ID. — REFUSAL TO GIVE REQUESTED INSTRUCTIONS. — It was proper to refuse to give requested instructions which were erroneous, or which involved only abstract legal propositions inapplicable to the evidence, or which were substantially included in other instructions given by the court.

ID. — EVIDENCE — TESTIMONY OF PHYSICIANS. — The testimony of physicians in attendance on the deceased, as to her mental condition, not based upon any information acquired in attending upon her as a patient, which was necessary to enable the physicians to prescribe or act for the patient, is not incompetent under section 1881 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Yolo County and from an order denying a new trial. A. J. Buckles, Judge presiding.

Instruction numbered 4 is substantially quoted in the first *syllabus*. Further facts are stated in the opinion of the court.

Charles W. Thomas, for Appellants.

Arthur C. Huston, for Respondent.

McFARLAND, J. — This is an appeal by the contestants of the will of Mary A. Black, deceased, from a judgment probating said will and from an order denying their motion for a new trial.

As to the contention that the evidence did not justify the verdict, waiving the technical point made by respondent, it is enough to say that the evidence largely preponderates in favor of the findings of the jury.

Appellants' main contentions relate to the instructions to the jury. The case ought to have been a reasonably simple one, but the parties managed to get it into a labyrinth of legal propositions. The attack on the will made in the pleading of appellants had very feeble support in the evidence; but, apparently, respondent feared to stand on the real merits of his

case, and sought unnecessarily to fortify his position by numerous objections to evidence, and a multitude of instructions, and thus enabled his opponents to make a more respectable showing on appeal than they made in the trial court. At the request of respondent the court gave the jury thirty-six mortal instructions, covering sixteen pages of the printed transcript, while appellants asked for twenty-seven more, seventeen of which were given and ten refused. It would be surprising if such a record did not show some errors. However, in the statement on the motion for a new trial, the assignments of error as to the rulings of the court in the matter of instructions go only to parts of such rulings. We will notice only such points made in their brief as are based on the record.

The giving of respondent's instruction 4, which is so elaborately discussed by appellants, is not assigned as error. It is proper, however, to say that it has not the meaning ascribed to it by appellants. It does not mean that appellants must have proven, conjunctively, both mental unsoundness *and* undue influence in order to have succeeded in upsetting the will; it merely means that a preponderance of evidence was necessary to establish mental unsoundness, and that such preponderance was also necessary to establish undue influence, and could not have been otherwise understood by the jury. Each of the three issues of mental unsoundness, undue influence, and fraud was separately submitted to the jury at the request of appellants, and no other issue was requested to be or was so submitted; and a finding for appellants upon any one of these issues would have resulted in a judgment in their favor. There is no assignment of error as to instructions numbered 5, 6, or 7, which contain mere statutory definitions. The giving of subdivisions 5 and 7 of instruction 8 is assigned as error, but no argument is made as to these subdivisions. Appellants insist that instruction 9 is erroneous, and so prejudicial to appellants as to require a reversal. This instruction is on the subject of undue influence, and—like some others—is perhaps subject to the criticism that it has too many words in it; but when closely examined it will be found, we think, to be substantially in accord with the principles announced on that subject in *Estate of McDevitt*, 95 Cal. 17; *Estate of Carpenter*, 94 Cal. 406; *In re Langford*, 108 Cal. 610; *In re Calkins*, 112 Cal. 301; *In re Kaufman*, 117 Cal. 295,[1] and kindred cases.

[1] 59 Am. St. Rep. 179.

It substantially does nothing more than to state the rule that evidence of mere opportunity to exercise undue influence is not sufficient, but that there must be a preponderance of evidence to the point that said influence was actually exercised, and that it influenced the mind of the testatrix at the time of the making of the will, and induced her to make a disposition of her property other than she would have made had it not been for such undue influence. The instruction should be considered in connection with certain other instructions given on the same subject at the request of appellants, of which the following are fair samples: "23. If from the testimony you believe that William Wall and James Black, or either of them, made false and fraudulent representations to the testatrix concerning her children, R. E. Moore, Mrs. Washington, and Mrs. Wolfskill, or any of them, and that such representations were believed by the testatrix, and that she thereby became incensed against said children, or any of them, and under the influence and belief of such representations, and by reason thereof, executed a will, then you are instructed that you should find that the execution of said will was obtained by undue influence and fraud." And again: 15. "If you believe from the evidence that William Wall and James Black, or either of them, falsely and positively represented to the testatrix, in a manner not warranted by their information, they believing such representation to be true, that her children, Mrs. Washington, Mrs. Wolfskill, and R. E. Moore, or any of them, had made unkind and slighting remarks about her; and if you believe from the evidence that such false representations were made with the intent to induce said testatrix to become or remain hostile in feeling towards her said children, or any of them, and thereby induce the said testatrix to withhold from her said children, or any of them, her favor or property, and to gain an advantage for themselves, or either of them; and if you believe from the evidence that under the influence of said false representations so made the testatrix made and executed the will in question,—you will then find that such will was signed and executed under undue influence and fraud." All these instructions, taken together, correctly gave the law on the subject to the jury, and as favorably as appellants could have expected, and we do not think that they were at all prejudiced in the premises. Instruction 11 is correct; it is merely to the effect that undue influence must bear

directly on the testamentary act. In instruction 14 it is merely said in the brief that it is "to my mind contradictory, and contravenes the law," but we do not see any grounds for this short criticism. Instructions 16, 18, 27, 29, and 30 are criticised as "argumentative," but there is no assignment of error in giving any of them.

We see no reason for a reversal on the ground of the refusal to give instructions asked by appellants. In appellants' brief the refusal to give, "or to give without modification," instructions 2, 7, 8, 17, 18, 19, 22, 23, and 24 is noticed, but such refusal is not assigned as error. The refusal to give instruction 3 is submitted "without argument"; its refusal was not error. Instruction 19 was properly refused; if given, it would have told the jury, in substance, that if they thought the will "unreasonable," then it devolved on the proponent to explain away the unreasonableness, which is not the law. As to appellants' instruction 20, it is doubtful if the latter part of it is true as a proposition of law, or whether it is within the domain of law at all, and, moreover, it is not clear that there was any evidence to which it could be applied, even if true as an abstract legal proposition; but, at all events, the other instructions given were full enough on the subject alluded to in instruction 20, and appellants were not prejudiced by its refusal.

The record shows thirty-six exceptions to rulings on the admissibility of evidence, and we deem it necessary to notice only one of them. Appellants contend that the testimony of three physicians as to the mental condition of the testatrix was improperly admitted, because they had attended her professionally, and should not have been allowed to testify, on account of the confidential relation of physician and patient, as prescribed by section 1881 of the Code of Civil Procedure. This objection was made, however, only to the testimony of Dr. Prose, but it was properly overruled. Under section 1881 a physician is precluded from being examined as a witness only "as to the information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient" (*In re Redfield*, 116 Cal. 644; *Harris* v. *Zanone*, 93 Cal. 59; *People* v. *Koerner*, 154 N.Y. 355; Rogers on Expert Testimony, 2d ed., p. 107); and it clearly appears that the testimony of the physicians in the case at bar was not founded upon any such information. As to the other numerous excep-

tions and rulings upon the admissibility of evidence, it is sufficient to say that such rulings do not present any ground for a reversal.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.