[Sac. No. 1094.    Department One.—January 22, 1904.]

## ELLA H. ARNOLD, Executrix, etc., Respondent. v. PRODUCERS' FRUIT COMPANY, Appellant.

NEW TRIAL—SETTLEMENT OF STATEMENT—IRRELEVANT MATTER—DUTY OF JUDGE AND OF COUNSEL.—It is the duty of the judge in settling a statement on motion for a new trial to strike out of it all irrelevant and redundant matter, notwithstanding the consent of the parties thereto; and the judge should perform his duty fearlessly, and should not, to settle disputes between counsel, order the whole of the reporter's notes inserted, containing a great mass of irrelevant matter. It is the duty of counsel to aid and assist the court so as to have the record present only the material matter necessary to the consideration of the questions raised.

ID.—ACTION FOR BREACH OF CONTRACT—NEGLIGENCE IN HANDLING PRUNE CROP—VERDICT FOR DAMAGES—SUFFICIENCY OF EVIDENCE.—Where there is ample evidence in the record to show a negligent breach of a contract by the defendant to dry, cure, and pack plaintiff's prune crop, to the damage of the plaintiff in the amount awarded for such negligence by the jury, who heard all the testimony and found the truth of the testimony as to such negligence, which was also passed upon by the judge in denying defendants' motion for a new trial, the verdict for the plaintiff will not be disturbed upon appeal for insufficiency of the evidence.

ID.—TRIAL—QUALIFICATION OF JUROR—CROPPING LEASE—DELIVERY OF CROP.—The fact that a juror was a tenant of the plaintiff under a lease which required him to deliver as rent a certain share of the crop after harvest, which had been delivered for the current year, did not make the juror either the partner or the agent of the plain-

tiff, and did not disqualify him as a juror under section 602 of the Code of Civil Procedure; and a challenge to such juror for cause was properly denied.

ID.—CONTRACT FOR SALE OF PRUNES BY DEFENDANT—EVIDENCE—OPPORTUNITY OF PLAINTIFF.—Where by the terms of the contract the defendant had the right to sell the prunes, and the plaintiff was not allowed to sell any portion of it except through the defendant, and by paying its commission, evidence was not admissible to show that prior to the damage caused by defendant to the prunes, the plaintiff had an opportunity to sell them for the market price.

ID.—COMPARISON OF PRUNES—IRRELEVANT EVIDENCE.—Evidence that plaintiff exhibited samples of prunes taken from another county, for the purpose of making a comparison with plaintiff's prunes, was irrelevant.

ID.—SALES OF OTHER PRUNES.—Evidence as to the price received by the defendant for the sales of other prunes than those of plaintiff, at a time two months earlier than the sale of plaintiff's prunes, was not competent to prove any issue in the case.

ID.—INSTRUCTION—MEASURE OF DAMAGES—REDIPPING OF PRUNES.— There was no error in instructing the jury that if they "find that the defendant did not use ordinary diligence, skill, or care in drying, curing, packing, and handling said fruit, the damage to plaintiff is the difference between the market value of such fruit at the time of sale, had ordinary diligence, skill, and care been used by defendant in drying, curing, packing, and handling the same, and the sum for which the same was sold," where no evidence appears in the record to show a different measure of damages, on account of a redipping of the prunes, the date of which does not appear, and which may have been just completed at the time of sale.

ID.—REFUSAL OF REQUESTED INSTRUCTIONS—INSUFFICIENT ARGUMENT.— A statement in the brief of appellant that "The instructions of defendant which the court refused to give were proper and necessary to guide the jury in its verdict," and that "The instructions Nos. 13, 14, 15, and 16 should have been given," is insufficient, in not pointing out the error in refusing each particular instruction, and the reasons why it should have been given. This court will not examine the offered instructions, and go through the record to see whether or not any of them was necessary to guide the jury in its verdict.

APPEAL from an order of the Superior Court of Colusa County denying a new trial. H. M. Albery, Judge.

The facts are stated in the opinion in this case, and in the opinion rendered upon the former appeal, 128 Cal. 637.

William M. Sims, and B. F. Howard, for Appellant.

E. T. Crane, and U. W. Brown, for Respondent.

COOPER, C.—This action was brought to recover $1,355.49 damages, alleged to have been caused by the negligence of defendant in drying, curing, and packing plaintiff's prune crop of the year 1897, and a balance of $573.60, claimed to be due from sales of prunes made by defendant for plaintiff. The case has been here on a former appeal (*Arnold* v. *Producers' Fruit Co.*, 128 Cal. 637), and the contract made by the parties is therein fully set forth and also a statement of the facts, which need not be here repeated. On the former appeal the order denying a new trial was reversed and the cause remanded because of errors in the admission of evidence.

The new trial in the court below before a jury resulted in a verdict for the plaintiff in the sum of $906.11, upon which judgment was entered.

Defendant made a motion for a new trial, which was denied, and this appeal is from the order denying the motion, and comes here on a statement of the case. Counsel for appellant call attention to the fact that the statement consists of over three hundred printed pages, most of it redundant and useless matter. We have carefully examined it and have no hesitation in condemning it as an undigested mass, not calculated to aid or assist this court in its arduous labors. Almost the whole of the reporter's notes appear in the statement. Pages upon pages are occupied with questions and answers in regard to rulings and evidence in no way challenged. In fact, it seems that the judge of the court below, in order to settle the disputes of counsel, ordered the whole matter to be incorporated in the statement. It is made the duty of the judge in settling a statement to strike out of it all redundant and useless matter, notwithstanding the consent of the parties to such matter or to any inaccurate statement. (Code Civ. Proc., sec. 659.) In cases where counsel are contentious, act in a spirit of bad faith, or attempt to insert all immaterial matter, the task of the trial judge is not an easy one. But he should meet it and perform his duty fearlessly. On the other hand, it is the duty of counsel to protect the high standard of their profession, and to aid and assist the court, with the sole object

and purpose of having the record present only the material matter necessary to the consideration of the questions raised. To the credit of the profession and of the trial judges, this course is usually followed. It was not followed in this case, but we are not prepared from the record to say with whom the fault lies. Counsel for appellant insist that the matter was inserted by reason of the deliberate purpose of counsel for respondent to make a large and expensive record, while counsel for respondent call attention to the fact that appellant's counsel have specified seventy-nine erroneous rulings, and allege that the statement served upon them was inaccurate in nearly all respects, and was not made from the reporter's notes. Without deciding the accusations of counsel against each other, we consider it sufficient to say that we trust this course will not be followed hereafter.

We will proceed to discuss the errors deemed by counsel most important and upon which they rely.

1. It is claimed that the evidence is insufficient to justify the verdict. Counsel for appellant say in their brief: "It will be seen that the testimony of the parties apparently conflicts, but a careful reading of the entire testimony will show that notwithstanding that there is some evidence on minor points to support plaintiff's case, yet certain testimony given by his own witnesses and especially by himself nullified the weak statements of his witnesses as to any careless or improper handling of the prunes by defendant."

We have carefully read the testimony, and it is sufficient to say that there is ample evidence in the record to justify the jury in finding negligence of the defendant in handling and drying the prunes. There is evidence that some of the prunes were so damaged that they were thrown away; that portions of them were fermented and moldy, and were treated with acids in such manner as to injure them and make them unsaleable; that the trays were improperly piled one upon the other; that the prunes were placed in the bins wet and uncured, and that they were not shoveled or changed often enough to prevent them from becoming damaged. The jury saw the witnesses and heard the testimony as it fell from their lips, and by its verdict found the truth of the evidence as to negligence. The judge of the court below again passed

upon the testimony in denying the motion for a new trial We cannot, under the rule, set aside the verdict for insuf-ficiency of the evidence upon the record presented here.

2. It is claimed that the court erred in denying the chal-lenge of the defendant to the juror Mullaly for cause. It appeared that the juror was a tenant of plaintiff under a lease which required him to deliver as rent a certain share of the crop after harvest, and that the crop for the year had been delivered. This did not make the juror either the part-ner or agent of the plaintiff (*Clark* v. *Cobb,* 121 Cal. 595), and hence he was not disqualified under section 602 of the Code of Civil Procedure. The challenge was properly denied.

3. The plaintiff testified in his own behalf. It appeared from his testimony in cross-examination that he visited San Jose early in October, 1897; that he took with him some samples of his prunes which had been dried by defendant. He was then asked by defendant the following question: "Q. Is n't it a fact, Mr. Arnold, that at that time and on that visit you could have sold your prunes for at least two and one half or three cents?"

Plaintiff's counsel objected to the question on the grounds that it was not proper cross-examination, incompetent, and immaterial. The court sustained the objection, and the ruling is claimed to be error. It was evidently the purpose of de-fendant to show that plaintiff had an opportunity to sell his prunes for the market price and failed to do so, and hence was not damaged. The evidence was not admissible for such purpose. The contract did not allow the plaintiff to sell any portion of the prunes except through the defendant and by paying its commission. By the contract defendant had the right to sell the prunes. It did sell them in February, 1898. Plaintiff was under no obligation to sell them, and if the prunes were damaged by the negligence of defendant it is no excuse for it to show that defendant at some time prior to the time of the actual sale could have sold them for the market price.

The question was as to the negligence of defendant, and the damage, if any, finally sustained by the plaintiff. It does not appear that the prunes were cured in October, 1897, when plaintiff went to San Jose, and it does appear that the

damage was caused after the time referred to in the question. But, under any view of the case, we cannot think it was any defense for the defendant to show that in October, 1897, plaintiff could have sold his prunes for more than defendant was afterwards able to sell them for. Plaintiff had the right to wait for a better market, and to assume that defendant would perform its part of the contract.

4. Complaint is made of several rulings of the court sustaining questions asked of plaintiff in cross-examination for the purpose of showing that he exhibited samples of prunes taken from Santa Clara County for the purpose of making a comparison with his own. The evidence was wholly irrelevant, as the question was not as to the character of the Santa Clara prunes, but the negligence of the defendant in not doing what it agreed to do in a proper manner. The quality of the Santa Clara prunes was not shown, and such comparison would have been worthless. But the defendant afterwards succeeded in getting the witness to testify that he compared the sample of his prunes with the Santa Clara prunes, and that his sample "beat anything he had seen in Santa Clara County."

5. Plaintiff's objections were sustained to questions asked by defendant of the witness Stahl as to whether or not he sold any carloads of the prunes in defendant's warehouse early in December, 1897, and if so, what price he received. We do not think the evidence was competent to prove any issue in the case; and not only this, but the witness testified that the sales concerning which he was being questioned did not include any of plaintiff's prunes. Counsel for plaintiff stated in open court that they would not make any objections to questions as to the sale of any of plaintiff's prunes.

We have examined the other alleged errors in the rulings upon the admission of evidence discussed by counsel in their brief, and find no error that would justify a reversal of the case.

6. The court instructed the jury: "In the event the jury find that the defendant did not use ordinary diligence, skill, or care in drying, curing, packing, and handling said fruit, the damage to plaintiff is the difference between the market value of such fruit at the time of the sale, had ordinary dili-

gence, skill, and care been used by defendant in drying, curing, packing, and handling the same, and the sum for which the same was sold.''

Defendant argues that the evidence shows that the prunes were redipped by it about January 10, 1898, and that the measure of plaintiff's damage was the ''difference between the market value of good, merchantable prunes, and the value of plaintiff's prunes at the time they had been redipped and not at the time of sale.''

We fail to find any evidence, and none has been pointed out to us, as to the date or dates when the prunes were redipped. The redipping may have just been completed at the time of the sale. Counsel for defendant say in their brief: ''The instructions of defendant which the court refused to give were proper and necessary to guide the jury in its verdict,'' and again, ''The instructions Nos. 13, 14, 15, and 16 should have been given.'' If any instruction was necessary and proper to guide the jury, it is the duty of counsel to point it out and state the proposition of law requested as such guide to the jury. And if any instruction was refused, counsel should call attention to the error caused by its refusal and the reasons why it should have been given.

We will not examine the offered instructions and go through the record to see whether or not any one of them was necessary to guide the jury in its verdict.

We advise that the order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

                Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.