[L. A. No. 6732. In Bank.—December 19, 1922.]

## J. W. FAWKES, JR., Appellant, v. HENRY REYNOLDS, Respondent.

[1] APPEAL—SUFFICIENCY OF INSTRUCTION—SPECIFICATION IN BILL OF EXCEPTIONS.—The sufficiency of an instruction is reviewable on an appeal from the judgment under the recital in the bill of exceptions that the cause was argued, and the jury thereupon instructed and to each and all of the instructions the plaintiff entered his exception, since under sections 648 and 650 of the Code of Civil Procedure errors of law occurring at the trial and appearing in the bill of exceptions are reviewable without any formal assignment of error therein.

[2] ID.—PARTY REQUESTING INSTRUCTION—RECORD.—Where it appears from a bill of exceptions that the instructions were all given by the court, and thus each party had an exception thereto under section 647 of the Code of Civil Procedure, the record is not so ambiguous as to require the appellate court to presume that an alleged erroneous instruction was given at the request of appellant, since if such were the fact it should appear by a statement in the bill of exceptions.

[3] ID.—FAILURE TO PRESENT POINT IN BRIEFS—REVIEW.—The question of the correctness of an instruction will not be refused consideration on the hearing of an appeal after decision by the district court of appeal because of the failure of the appellant to present the point in his briefs prior to such decision, where the question was raised by the appellate court and also presented by the respondent's petition for transfer and the argument of the parties.

[4] WATERS AND WATER RIGHTS — IRRIGATION PURPOSES — CHARACTER OF PROPERTY.—Water in use for irrigation is not personal property.

[5] ID.—FLOW OF WATER THROUGH PIPE-LINE—PROTECTION OF RIGHT —AMOUNT OF FORCE.—One having a right to the flow of water through a pipe-line crossing the land of another has the right when maintaining such right by his personal presence on the pipe-line to protect the property in his possession by the use of all force reasonably necessary for that purpose.

[6] ASSAULT—AMOUNT OF FORCE—QUESTION FOR JURY.—The question of the amount of force justified in repelling an assault or maintaining the possession of property is one peculiarly within the province of the jury.

[7] ID.—RESISTANCE OF INTERFERENCE WITH PIPE-LINE—REASONABLE FORCE—SUFFICIENCY OF EVIDENCE.—In an action to recover dam-

ages for an alleged battery committed in maintaining the right to a flow of water through a pipe-line extending across the plaintiff's land, the verdict in favor of the defendant cannot be disturbed on the ground that he used more force than was reasonably necessary, where, although he struck the plaintiff three terrific blows with his fist, he remained in his position upon the pipe-line and only struck one blow in each instance in defense of a separate assault by the plaintiff, who, three different times, tried to push him off the pipe-line.

[8] ID.—PLEA OF GUILTY TO CRIMINAL CHARGE—EFFECT OF—INSTRUCTION.—An instruction in such action that the plea of guilty which had been proven to have been entered by the defendant to a charge of assault and battery based on the same occurrence was not to be taken as being conclusive of guilt, but should only be regarded as an admission and that all that was said should be considered, was not an invasion of the province of the jury by instructing them on a question of fact.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wheaton A. Gray and Walter W. Little for Appellant.

Jennings & Belcher for Respondent.

WILBUR, J.—This is an action to recover damages for an alleged battery committed by the defendant upon the person of the plaintiff. The defendant admitted the battery, but justified it on the ground of self-defense and defense of property, The jury returned a verdict in favor of the defendant, and plaintiff appeals. Upon the appeal plaintiff presented two points in his briefs—first, that the uncontradicted evidence establishes that the defendant used excessive and unjustifiable force, and, second, that the court erred in instructing the jury with reference to the effect of a plea of guilty entered by the defendant to a complaint for battery based upon the same occurrence which is the subject of this action. The district court of appeal (second district, division two), in passing upon this case, held that the defendant was not justified in committing a breach of the peace, and, consequently, reversed the judgment. A transfer to this court was asked on the ground that that question was not

involved in the appeal and was not presented in the briefs. We will first consider that question.

The battery occurred in a controversy concerning the use of water on the morning of August 11, 1919. The defendant alleged that the acts of violence committed upon the plaintiff were for the purpose of protecting his property, "to-wit, the water flowing through said pipe line; that it was necessary that said defendant act in the manner above set forth in order to prevent the wrongful and unlawful diversion and appropriation of said water by the above-named plaintiff. . . . " With his pumping plant, on his land, defendant was pumping water which flowed through pipes crossing plaintiff's land to the land of one Morro, by whom it was used for irrigation. The plaintiff opened the valves in these pipes on his own land and was using the water for irrigation of his land, apparently believing that an arrangement had been made with defendant for such use. The defendant had not yet completed the irrigation of Morro's land and intended to pump about three hours longer for Morro and then to allow the water to be used by the plaintiff as he had done theretofore. This he could not do with the valves open on plaintiff's land. To retain the water in the pipe-line, it was necessary that the valves should be in place. Plaintiff had removed a valve, and defendant entered upon plaintiff's land to replace it. Being unable to find it, he stuffed a stand-pipe with burlap and rags, and stood on them, to overcome the water pressure and thus retain the water in the pipe-line. The trial court in effect instructed the jury that the defendant had a right to use all reasonably necessary force to prevent the plaintiff from interfering with defendant's effort in the above manner to retain the water in the pipe-line if the water was being used without the defendant's consent. Under such circumstances the jury were instructed that the defendant was entitled to use whatever force may reasonably have been indicated to be necessary to protect his person from injury and to prevent the further diversion of the water by plaintiff and that if the defendant thus had a lawful right to use force at the time of the encounter, and used only necessary force in the protection of his person or property, that he was not liable for damages.

The verdict of the jury implies a finding that the defendant did not consent to plaintiff's use of the water, and this implied finding is supported by the defendant's evidence. It follows that under this instruction the verdict of the jury was proper. This instruction as to the right of the defendant to use necessary force if the water was being used without his consent was not attacked in the plaintiff's brief, nor was there any assignment of error in the bill of exceptions in which it was claimed that this instruction was erroneous, nor does the record disclose whether or not this instruction was given by the court at the request of either the plaintiff or the defendant. The bill of exceptions with reference to the instruction is as follows: "The cause was argued to the jury by counsel, and the court thereupon instructed the jury, and to each and all of the instructions so given by the court the plaintiff now enters his exception to the same and to each of the same."

[1] The defendant now claims that we cannot now consider the sufficiency of this instruction.

Before the amendment of section 659, Code of Civil Procedure, it was essential that an assignment of error be made in the statement of the case on a motion for a new trial. Section 659, subdivision 3, Code of Civil Procedure, as enacted in 1873–74 (Stats. 1873–74, p. 315) upon that subject is as follows: " . . . When the notice designates, as the ground of the motion, errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no such specification be made, the statement shall be disregarded on the hearing of the motion. . . . "

Under this section the authorities cited by the respondent, *Bohnert* v. *Bohnert,* 95 Cal. 444 [30 Pac. 590], *Estate of Black,* 132 Cal. 392 [64 Pac. 695], and many other cases, (*People* v. *Central Pacific R. R. Co.,* 43 Cal. 398; *Bagnall* v. *Roach,* 76 Cal. 106 [18 Pac. 137]; *Smith* v. *Smith,* 119 Cal. 183, 186 [48 Pac. 730, 51 Pac. 183]; *Laver* v. *Hotaling,* 115 Cal. 613 [47 Pac. 593]; *Thompson* v. *Patterson,* 54 Cal. 542; *Budd* v. *Drais,* 50 Cal. 120; *Heinlen* v. *Heilbron,* 71 Cal. 557, 563 [12 Pac. 673]; *Hershey* v. *Kness,* 75 Cal. 115 [16 Pac. 548]; *Leonard* v. *Shaw,* 114 Cal. 69 [45 Pac. 1012]; *Lambert* v. *Marcuse,* 137 Cal. 44 [69 Pac. 620]), hold that in the absence of such assignment of error the court will not

consider such errors upon appeal as the trial court was precluded from considering them in the granting or denying of the motion for a new trial, but this provision has been repealed and the authorities cited no longer apply (Code Civ. Proc., sec. 659; Stats. 1915, p. 201). The appeal in this case is based upon a bill of exceptions, prepared under section 650 of the Code of Civil Procedure, whch provides that the bill of exceptions "must contain all the exceptions and proceedings taken upon which the party relies . . . ". If the exception to the verdict or decision is upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient (Code Civ. Proc., sec. 648). A formal assignment of errors at law occurring at the trial is not necessary under the provisions of sections 648, 650, Code of Civil Procedure, and errors of law appearing in such bill can be reviewed without any formal assignment of error. Such was required in a statement of the case under section 659, subdivision 3, Statutes 1873–74, page 315 (*Reay* v. *Butler,* 69 Cal. 572 [11 Pac. 463]; *Shadburne* v. *Daly,* 76 Cal. 355 [18 Pac. 403]; *Hagman* v. *Williams,* 88 Cal. 146 [25 Pac. 1111]; *Barfield* v. *South Side Irrigation Co.,* 111 Cal. 118 [43 Pac. 406]; *Snell* v. *Payne,* 115 Cal. 218 [46 Pac. 1069]; *Smith* v. *Smith,* 119 Cal. 183 [51 Pac. 183]; *Harper* v. *Gordon,* 128 Cal. 489 [61 Pac. 84]. It follows that the contention that the error, if any, in the giving of this instruction cannot be considered because of the failure to assign the giving thereof as error in the bill of exceptions is not well taken.

[2] Defendant's claim that this court must indulge in the presumption that the instruction under discussion was given at the request of the plaintiff cannot be maintained. It is true that where the record is ambiguous upon this subject the presumption in favor of the judgment would require us to assume that the instruction was given at the request of the appellant. (*Gray* v. *Eschen,* 125 Cal. 1, 5 [57 Pac. 664]; *Sutter Butte C. Co.* v. *American R. & A. Co.,* 182 Cal. 549, 555 [189 Pac. 277].) The latter case was one in which the record was prepared under section 953a, Code of Civil Procedure. In *Gray* v. *Eschen, supra,* the record was ambiguous for the reason that it appeared from the bill of exceptions that the instructions were based

upon those given by counsel and in some instances modified by the court, and the exceptions thereto were thus stated: "It is understood that every portion of the charge is deemed excepted to by each counsel, and every omission or modification is also deemed excepted to by each counsel." In this condition of the record the court was unable to say whether or not the particular parts of the instructions objected to were proposed by the party objecting.

In the bill of exceptions now before us it appears that the instructions were all given by the court, and under the law since 1909 each party has an exception thereto (Code Civ. Proc., sec. 647; Stats. 1909, p. 586). Without further showing in the bill of exceptions the plaintiff is entitled to attack the correctness of the instruction. If the instruction was given at the request of the plaintiff, that fact should have been made manifest by the incorporation of plaintiff's instruction in the bill of exceptions or by a statement that the instruction was given at plaintiff's request.

[3] It is true that by failure to present the alleged error in the instruction in plaintiff's brief the point may be deemed to have been waived (*City Savings Bank* v. *Enos,* 135 Cal. 167 [67 Pac. 52]); and the court need not inquire into the correctness of the instruction. (*Rogers* v. *Schlotterback,* 167 Cal. 35 [138 Pac. 728]; *De Sanchez* v. *McMahon,* 35 Cal. 218; *City of Alameda* v. *Cohen,* 133 Cal. 5 [65 Pac. 127]; *Bird* v. *Potter,* 146 Cal. 286 [79 Pac. 970]; *People* v. *Duncan,* 22 Cal. App. 430 [134 Pac. 797]; *People* v. *Stein,* 23 Cal. App. 108 [137 Pac. 271]; *Arnold* v. *Producers Fruit Co.,* 141 Cal. 738 [75 Pac. 326]; *Hihn* v. *Courtis,* 31 Cal. 399; *Webber* v. *Clarke,* 74 Cal. 11, 13 [15 Pac. 431]; *Moore* v. *San Vicente Lumber Co.,* 175 Cal. 212 [165 Pac. 687]; *A. B. Field & Co.* v. *Haven,* 36 Cal. App. 669 [173 Pac. 108]; *Vance* v. *Gilbert,* 178 Cal. 574 [174 Pac. 42].)

The district court of appeal, however, predicated its judgment of reversal upon the relative rights of the parties in the real estate, pipe-line and water and thus in effect held the instruction in question erroneous. In the defendant's petition for transfer to this court, and in the oral argument of the parties, subsequently printed, the question as to the correctness of this instruction has been presented. In view of the fact that the question has been raised by the district court of appeal and is now presented by the parties and is

properly based upon the record on appeal, we do not feel justified in dismissing the point from consideration for the mere reason that the plaintiff failed to make the point in his briefs prior to the decision of the district court of appeal.

Counsel for plaintiff have presented the point by adopting the reasoning of the district court of appeal as their own. That court assumed for the purpose of the decision that the defendant had a right to the free flow of the water through the pipe-line crossing plaintiff's land, and held that the interference of the plaintiff therewith was a wrongful invasion of the defendant's right and therefore a private nuisance, and that the defendant had a right to enter the plaintiff's premises for the purpose of abating this nuisance, provided it could be done without a breach of the peace.

Defendant does not seriously attack the reasoning or conclusion of the district court of appeal upon the fact assumed by them, but insists that he was in effect engaged in recapturing personal property (water) which was being stolen by the plaintiff and for that reason he was entitled to use all necessary force to recapture the property, citing in support of this contention the following authorities upon the right to recapture possession of stolen property and upon the right to maintain possession against a thief: 3 Blackstone Com. 120; *State* v. *Cessna,* Ann. Cas. 1917D, 289, note; 2 R. C. L., p. 555, sec. 35; *Barnes* v. *Martin,* 15 Wis. 263 [82 Am. Dec. 670]; *Biggs* v. *Seufferlein,* 164 Iowa, 241 [L. R. A. 1915F, 673, 145 N. W. 507]; *Riffel* v. *Letts,* 31 Cal. App. 426 [160 Pac. 845]; *Hodgeden* v. *Hubbard,* 18 Vt. 504 [46 Am. Dec. 167]; *Gyre* v. *Culver,* 47 Barb. (N. Y.) 592; *Johnson* v. *Perry,* 56 Vt. 703 [48 Am. Rep. 826]; *Hopkins* v. *Dickson,* 59 N. H. 235; *Kirby* v. *Foster,* 17 R. I. 437 [14 L. R. A. 317, 22 Atl. 1111]; *Sterling* v. *Warden,* 51 N. H. 217 [12 Am. Rep. 80]; 1 Waterman on Trespass, secs. 159, 167; *Walker* v. *Chanslor,* 153 Cal. 118 [126 Am. St. Rep. 61, 17 L. R. A. (N. S.) 455, 94 Pac. 606].

If we assume, as contended by defendant, that the act of the plaintiff in opening the pipe-line upon plaintiff's property and allowing the water to flow out upon his property was the unlawful taking of the personal property of the defendant, which defendant had a right to recapture by use of all force reasonably necessary for that purpose, still the

battery in question cannot be justified. Defendant did not undertake to regain possession of the water which had overflowed on the lands of the plaintiff—that would have been an impossibility. [4] Moreover, it is now settled that water in use for irrigation is not personal property. (*Stanislaus Water Co.* v. *Bachman,* 152 Cal. 716, 725 [15 L. R. A. (N. S.) 359, 93 Pac. 858]; *Copeland* v. *Fairview Land etc. Co.,* 165 Cal. 148, 153 [131 Pac. 119].) On the other hand, if we accept defendant's view that he was merely trying to prevent the plaintiff taking the water which was flowing in the pipe-line rather than to recapture the water that had already overflowed, it is clear that he could have accomplished this object without entering the premises of the plaintiff by merely stopping his pump. It is clear, then, that the defendant was not justified in using the force he did upon the person of the plaintiff in an effort to retain possession of the water, for such force was wholly unnecessary for that purpose. It is clear that what the defendant was insisting upon was not his right to regain the water which had overflowed on plaintiff's land or to retain the water in his possession, but rather his right to use the pipe-line across plaintiff's land for the transmission of the water to Morro. He was perfectly willing that the plaintiff should use the water upon the terms agreed upon as soon as Morro had been supplied with the amount necessary for irrigating his place. The real question, then, is whether the defendant had a right to maintain his position upon the pipe-line for the purpose of continuing the flow of water through the pipe-line to the premises of Morro. For the purpose of its decision the district court of appeal assumes that the defendant had a right to maintain the flow of water in the pipe-line, but denied him the right to maintain that flow by any action which involved a breach of the peace. It is true that the interference by the plaintiff with defendant's right to the free flow of the water would be a nuisance. (Civ. Code, sec. 3479; 20 R. C. L., p. 401, sec. 22; *Lytle Creek W. Co.* v. *Perdew,* 65 Cal. 447, 455 [4 Pac. 426]; Civ. Code, sec. 3502.) If the defendant had been attempting to remove an obstruction in the pipe-line to the flow of water, it may be that these authorities would apply, although this point need not be determined. The situation here, however, is quite different.

The defendant had entered upon plaintiff's land and had re-established the free flow of water through the pipe-line and had already abated the nuisance involved in the interference by the plaintiff with this pipe-line. It was at this juncture while he was maintaining his right to the flow of the water by his personal presence on the pipe-line and by the stoppage of the diversion of the water by plaintiff, that plaintiff interfered. The defendant did not attack the plaintiff for the purpose of maintaining his rights in the pipe-line. He remained standing on the pipe-line and was attacked by the plaintiff and the injury to the plaintiff arose in the repulsion of his assault upon the defendant. [5] Assuming as was done by the district court of appeal that the defendant had a right to the flow of the water through the pipe-lines and that this was an irrevocable right and that he had such remedies as the law gave him to protect that right, it is clear that the defendant was not only protecting his right in the water, but was also protecting his rights to the flow of water through the pipe-line and was actually in possession of and maintaining that right at the instant of the assault made upon him by the plaintiff. The property in his possession at that time, then, consisted not only in the corpus of the water, but also the pipe-line and the right of way through that pipe-line for the flow of that water then actually being used for that purpose by him. Under such circumstances the defendant had the undoubted right to protect the property in his possession by the use of all force reasonably necessary for that purpose.

In view of the fact that the plaintiff and appellant not only does not attack the conclusion of the district court of appeal that the respondent was entitled to the right to use the pipe-line at the time in question, but also adopts the reasoning of the district court of appeal as his own, we do not feel required to enter into a consideration of the exact character and nature of the defendant's right in the pipe-line.

The plaintiff's contention that the verdict of the jury is erroneous because of the uncontradicted evidence that defendant used more force than was reasonably necessary cannot be sustained. [6] The question of the amount of force justified in repelling an assault or maintaining the possession of property is one peculiarly within the province of the

jury.  **[7]**  It is true that defendant struck the plaintiff three terrific blows with his fist, but the defendant remained in his position upon the pipe-line and only struck one blow in each instance in defense of a separate assault by the plaintiff, who, three different times, tried to push the defendant off the pipe-line.  The plaintiff was knocked down each time but the defendant did not follow him up and continue the assault but remained in place upon the pipe-line.  The verdict of the jury cannot be disturbed upon this ground.

**[8]**  It is claimed that an instruction invaded the province of the jury by instructing the jury on a question of fact.  The instruction is as follows:

"Evidence has been introduced to the effect that the defendant appeared before a justice of the peace in the city of Burbank and entered a plea of guilty to a charge of assault and battery upon the person of the plaintiff herein. Such plea of guilty is not to be taken by you as being conclusive that the defendant was guilty of the crime of assault and battery against the plaintiff.  This plea of guilty should only be regarded by you as an admission on the part of the defendant, and it is proper that you should consider all that was said by the defendant at that time."

The proposition advanced by the plaintiff is that it was for the jury after hearing all the evidence to determine what was proved by the plea of guilty.  This is true, but it is also important that the jury should be advised that the plea of guilty and the judgment upon such plea were not conclusive and binding as a judgment fixing beyond question the fact that the encounter was an unjustifiable battery committed by Reynolds upon Fawkes, but that the jury was to determine that question, treating the plea of guilty as an admission of the defendant to be weighed in connection with his explanation thereof and all the evidence in the case.  The instruction, properly construed, did not advise the jury as to the weight or effect of the admission but upon the contrary left that question to the jury to determine under the instruction that as a matter of law the plea in the battery case was not conclusive, and that the whole matter was left open for their consideration.  Under this instruction they were not precluded from determining the case solely upon the defendant's admission if they felt that

the admission was in fact conclusive against the contentions advanced by the defendant in this case. The objection to this instruction is not well taken.

Judgment affirmed.

Shaw, C. J., Waste, J., Shurtleff, J., Lawlor, J., and Lennon, J., concurred.

Sloane, J., dissented.

Rehearing denied.

All the Justices concurred.