[Civ. No. 15728. Second Dist., Div. One. Sept. 11, 1947.]

HARRY F. ROGERS, Respondent, v. HARRY KABAKOFF, Appellant.

James M. Gammon and William V. Krowl for Appellant.

Robert McWilliams for Respondent.

WHITE, J.—Plaintiff instituted this action to recover damages for assault and battery allegedly committed upon him by defendant. The cause was tried before the court sitting without a jury, resulting in a judgment for plaintiff in the sum of $1,500. Defendant appeals.

Narrating the evidence in a light most favorable to plaintiff who prevailed at the trial, the record discloses that defendant parked his automobile in plaintiff's parking lot in such a way that it occupied portions of two different parking stalls, locked

the vehicle and left it on the lot all day. Upon the lot plaintiff had posted a sign reading, "Locked cars 50¢." When he returned for his automobile defendant handed plaintiff 25 cents for the parking fee, but because the vehicle was locked and was occupying parts of two stalls, plaintiff demanded a fee of $1.00. Defendant, thereupon, entered his automobile and inserted the key in the ignition. Reaching into the automobile, plaintiff removed the key from the ignition, whereupon defendant alighted from his vehicle, and according to plaintiff's testimony "stood there for a moment—I guess we just looked at each other for a minute—and all at once he hit me." There was evidence that defendant struck plaintiff twice in the face, that after the first blow plaintiff "staggered a little bit," and following the second blow, "went down backwards, clear to the cement."

Plaintiff further testified that when he was knocked down "I was kind of out of my head and I jumped up and run around to the other side of the car to get something to protect myself, and after I came back, the man was gone."

Defendant filed a cross-complaint for a statutory penalty of $50 for overcharge in violation of an order of the United States Office of Price Administration. Judgment thereon was for plaintiff and cross-defendant.

Plaintiff testified that as a result of the aforesaid altercation, his right cheekbone was fractured, that he was hospitalized for four days, underwent an operation to reduce the aforesaid fracture, and continued to suffer pain from time to time up to the date of trial. The trial court found that the foregoing injuries to plaintiff were occasioned "as a direct and proximate result of defendant's wrongful, unlawful and malicious assault and beating" of plaintiff.

Appellant's contention that the evidence does not support the judgment is grounded entirely upon a discussion of the weight of the evidence and therefore must fail when confronted by a record which shows a substantial conflict in the evidence adduced by the whole case concerning the circumstances which led up to the altercation and the conduct of the parties thereto at the time thereof.

It is earnestly urged by appellant, however, that the evidence fails to support the finding of the court that the assault on the defendant was malicious.

Subdivision 4 of section 7 of the Penal Code defines the words "malice" and "malicious" as "a wish to vex, annoy,

or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law''; while subdivision 1, section 1962, of the Code of Civil Procedure requires a conclusive presumption of ''a malicious and guilty intent, from the deliberate commission of an unlawful act, for the purpose of injuring another.''

Manifestly, under the circumstances here present, the court was justified in finding from the evidence that appellant committed an unlawful and deliberate act for the purpose of injuring respondent. The circumstances of the assault as heretofore narrated, coupled with the force used, as well as the severity of the injuries inflicted, warranted a finding of malice under the aforesaid code definition of that term.

Appellant insists that his conduct was not unlawful because respondent made an excessive and unlawful charge for parking the former's automobile, and was unlawfully withholding his vehicle from him. This argument is unavailing. Appellant bailed his vehicle to respondent for parking purposes and the latter secured possession of it legally. The fact that appellant was entitled to the right of possession of the automobile did not entitle him to take the same from respondent, who was in the actual rightful possession, by force or violence. The rule in that regard is thus stated in *Deevy* v. *Tassi*, 21 Cal.2d 109, 118 [130 P.2d 389]:

''The assumed fact that Mr. and Mrs. Deevy were in default under the terms of the chattel mortgage and that Tassi had a legal right to acquire possession of some or even all of the cattle he attempted to take, does not justify the commission of assault and battery in effecting recaption. Admittedly, the Deevys' possession had been lawfully acquired. The rule is stated by the American Law Institute in Restatement of the Law (Torts, § 108, p. 240) as follows: 'The use of force against another for the purpose of recaption of a chattel, which the other is tortiously withholding from the actor, is not privileged if the other's possession was rightfully acquired.' The comment, on the same page is: 'An invasion of another's interests of personality for the purpose of regaining a chattel, the possession of which the other has rightfully acquired, is not privileged. This is so although the other's right to possession has ceased and he is therefore a wrongdoer in refusing to give the chattel up to the actor, who is entitled to the possession thereof. Thus, if the actor has bailed his chattel to the other, he is not privileged to use

force to retake it, even though the bailment is at an end and the bailee's retention of it is a conversion.''

Furthermore, even though it be conceded that appellant's vehicle was being wrongfully withheld from him, and though he be conceded a legal right to use force to retake his property, nevertheless, the judgment must be sustained on the theory that by its findings the trial court held that he resorted to more force than was reasonable, necessary or proper. The question of the amount of force justifiably used in maintaining the possession of one's property is essentially within the province of the trier of facts (*Fawkes* v..*Reynolds*, 190 Cal. 204, 212 [211 P. 449]). Since there is evidence herein that appellant struck respondent in the face with his fists with such force that he staggered him, and then again struck him with such force that respondent was knocked down and severely injured, a conclusion was justified on the part of the trial court that the force used was unreasonable, unwarranted, and was consciously intended by appellant to be willful, malicious and excessive.

Appellant next complains that no evidence was offered by respondent to show that the amounts paid on account of medical treatment and hospitalization were reasonable for services rendered. Respondent's testimony that he paid the amounts represented by the statements of account offered in evidence and marked for identification, was some evidence of reasonable value, and in the absence of a showing to the contrary, such evidence must be held to be sufficient (*Dewhirst* v. *Leopold*, 194 Cal. 424, 433 [229 P. 30] ; *Townsend* v. *Keith*, 34 Cal.App. 564, 565, 566 [168 P. 402]).

Finally, appellant contends that the court wrongfully concluded that the assault was malicious when no punitive damages were pleaded. The first amended complaint alleges malice in paragraphs I to IV thereof, and the prayer of such pleading was for general damages of $15,000 without specifying whether they were claimed as compensatory or exemplary damages. In view of the fact that a total of $394.25 was shown to have been paid for medical treatment and hospitalization for which no award was made as special damages, coupled with the fact that respondent was painfully and severely injured, a judgment for $1,500 does not compel the conclusion that other than compensatory damages were included in the judgment. However, as heretofore stated, the allegations of the amended complaint and the testimony

presented a case in which punitive damages might have been awarded. And, if the facts justifying their recovery were pleaded, it was not necessary that exemplary damages be specifically demanded. ▮ Neither is it necessary that they be segregated in the findings from the actual damages awarded, unless such segregation be requested (*Turner* v. *Whittel*, 2 Cal. App.2d 585, 590 [19 P.2d 683]).

The judgment is affirmed.

York, P. J., and Doran, J., concurred.