[Civ. No. 1992. Second Appellate District.—September 14, 1916.]

## ANNA W. RIFFEL, Respondent, v. ARTHUR LETTS et al., Appellants.

ASSAULT AND UNLAWFUL IMPRISONMENT—FORCE USED BY DEFENDANT—QUESTION FOR JURY—APPEAL.—In an action for damages for an assault and battery and for an unlawful imprisonment following an altercation concerning the ownership of a ten-dollar bill, it is for the jury to determine from the evidence whether or not excessive and unnecessary force was used upon the person of the plaintiff, and where there is evidence favorable to the plaintiff upon such issue, the verdict of the jury is conclusive on the appellate court.

ID.—AWARD OF DAMAGES—DISCRETION—EXCESSIVE VERDICT—REVIEW ON APPEAL.—As a general rule, what will be a proper and reasonable compensation for the damages occasioned by injuries to the person is a question committed to the sound discretion of the jury. In considering an attack upon a verdict as excessive the appellate court must treat every conflict of the evidence as resolved in favor of the respondent, and must give him the benefit of every inference that can reasonably be drawn in support of his claim.

ID.—ARREST "WITHOUT LEGAL JUSTIFICATION"—DAMAGES—INSTRUCTION.—An instruction defining an arrest, and then stating that "for a private person to take another into custody, without legal justification, and restrain him of his liberty for a time and then turn him loose without taking him before a magistrate, or to a peace officer, is unlawful, and constitutes a trespass upon the liberty of the one so restrained for which he may be compensated in damages," is not prejudicial, for failure to adequately explain the words "without legal justification," where in other instructions, to which no objection is made, the court gives instructions showing the circumstances under which an arrest or imprisonment is legal or justifiable and also the circumstances under which an arrest or imprisonment is not legal or justifiable.

ID.—EVIDENCE—VERDICT NOT EXCESSIVE.—In an action to recover damages for injuries received from an assault and battery and from an unlawful imprisonment, the complaint being in two counts, it cannot be said that a verdict in the sum of two thousand five hundred dollars is excessive, where the jury is instructed that only actual damages are recoverable, and the evidence shows that the plaintiff was an unmarried woman and in good health at the time of the alleged occurrence, that she suffered much humiliation and distress of mind at the time and afterward, caused by being arrested and imprisoned in a caged wagon in a public street and in the presence of her neigh-

bors, and that this caused great nervous excitement and shock, which seriously affected her health for a considerable time after the occurrence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

S. F. Macfarlane, and Clair S. Tappan, for Appellants.

T. C. Gould, and Shaw & Stewart, for Respondent.

CONREY, P. J.—The defendant Arthur Letts owns and operates a department store in the city of Los Angeles. The plaintiff purchased certain merchandise in his store and requested that it be delivered to her at her residence, the price to be paid on delivery. The goods were delivered by the defendant Withrow, an employee of Letts, to whom the plaintiff tendered a ten-dollar bill and received the change amounting to $8.65. While this exchange of money was going on the plaintiff suddenly remembered that she had had in her possession two ten-dollar bills; and acting under the belief that she had delivered one of them to Withrow, she attempted to withdraw the bill which she had tendered but which still remained in her hand. According to Withrow's testimony this bill was in his possession and she seized and took it out of his hand. But this is disputed by her, and as the fact is material, it must be deemed that the jury believed her testimony. Thereupon Withrow seized the plaintiff, violently pulled her from place to place in the yard near the door of her house, and finally lifted her up and carried her to the street and placed her in the wagon in a caged inclosure, the door of which he closed and fastened. After some delay and discussion, lasting for about an hour, Withrow and his assistant released the plaintiff from the wagon and went with her into her house, where the missing bill was discovered lying between the pages of a note-book on a table. As a result of the acts of the defendant Withrow, plaintiff received certain bruises upon her shoulder and left leg and suffered serious nervous shock and injury, so that she was confined to her bed for about three weeks. The imprisonment of

plaintiff in the wagon took place in the presence of a number of neighbors of Mrs. Riffel, the attention of these persons having been attracted by the noise and violence there occurring.

The complaint in this action is in two counts, whereby she seeks to recover damages on account of the injuries received by her; seeking damages, first, for the assault and battery, and, second, as for a false and unlawful imprisonment. The case was tried to a jury, which returned a general verdict on which judgment has been entered in the sum of two thou-sand five hundred dollars and costs. The defendants appeal from the judgment and from an order denying their motion for a new trial.

Appellants insist that the evidence was insufficient to justify the verdict of the jury for the reasons: (1) That it was not shown that Withrow acted in an unjustifiable manner in restraining the plaintiff; (2) that in view of the evidence the amount of damages allowed was excessive.

Force may be used by the owner to retake property from a person who has obtained possession of it by force or fraud and is overtaken while carrying it away. As much force as is necessary may be used to retain one's property which a trespasser has taken into possession and is trying to carry away. (*Hodgeden* v. *Hubbard,* 18 Vt. 506; *Gyre* v. *Culver,* 47 Barb. (N. Y.) 592; *Johnson* v. *Perry,* 56 Vt. 703, [48 Am. Rep. 826] ; *Hopkins* v. *Dickson,* 59 N. H. 235.) The court gave to the jury instructions correctly stating the law as to these matters. It was for the jury to determine from the evidence whether or not the bill was taken by the plaintiff by force, or taken or withheld with fraudulent intent, and whether or not excessive and unnecessary force was used by Withrow upon the person of plaintiff. As there is evidence favorable to the plaintiff upon these issues, the verdict thereon is conclusive in this court. Therefore, it must be taken as true that the plaintiff had not parted with possession of the bill, that she was acting in good faith, and that the force used by Withrow was excessive even if it had been lawful.

Next, it is claimed that the verdict was excessive in amount. As a general rule, what will be a proper and reasonable compensation for the damages occasioned by injuries to the person is a question committed to the sound discretion of the jury. · In considering an attack upon a verdict as excessive

the appellate court must treat every conflict of the evidence as resolved in favor of the respondent, and must give him the benefit of every inference that can reasonably be drawn in support of his claim. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.*, 156 Cal. 273, 277, [104 Pac. 312].) It is admitted by counsel for respondent that under the first cause of action as stated in the complaint the damages for injuries from the assault and battery were limited at the time of the trial to a period of three months following the date of the transaction. This being so, it may be that the amount of the verdict under the evidence in this case would be excessive if applied to the first cause of action alone. But the plaintiff's recovery also includes the second cause of action, namely, for an unlawful imprisonment. The jury was instructed that it must not allow damages by way of example or penalty, and that as to the first cause of action the recovery must be limited to facts or circumstances arising within three months from the date of the assault. The second cause of action was submitted under the general instruction authorizing an assessment for actual damages only. There was evidence showing that the plaintiff was an unmarried woman about forty-five years of age and at that time in good health. She suffered much humiliation and distress of mind at the time and afterward, caused by being arrested and imprisoned in a caged wagon in the public street and in the presence of her neighbors. That this caused great nervous excitement and shock which seriously affected her health for a considerable time thereafter is indicated by evidence sufficient legally to warrant the verdict, and we are not justified in setting it aside as excessive, or as having been rendered as the result of passion or prejudice or anything other than a fair consideration of the evidence.

Objection is made to the eighth instruction given to the jury. That instruction defines an arrest and states that "for a private person to take another into custody, without legal justification, and restrain him of his liberty for a time and then turn him loose without taking him before a magistrate, or to a peace officer, is unlawful and constitutes a trespass upon the liberty of the one so restrained for which he may be compensated in damages." Appellants' criticism of this instruction is that the court failed to adequately explain the words "without legal justification," and it is contended that

this omission was extremely prejudicial to the defendants as implying that under the circumstances of the case the plaintiff was entitled to damages. A sufficient answer is that in other instructions, to which no objection is made, the court gave instructions showing the circumstances under which an arrest or imprisonment is legal or justifiable and also the circumstances under which an arrest or imprisonment is not legal or justifiable.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.