[L. A. No. 4476.   Department One.—November 12, 1918.]

## LAURA V. McLEAN, Respondent, v. GUY V. COLF et. al., Appellants.

ASSAULT AND BATTERY—RIGHT TO USE FORCE—LIMIT OF.—The right to use force, particularly as against the person of another, is always limited by the condition that the force must be no more than is reasonably adequate and necessary to the occasion; and in an action for damages for an assault and battery committed by defendant in an effort to regain property claimed by him, a finding of the trial court, upon sufficient evidence, that the force used by the defendant was unreasonable will not be disturbed upon appeal. Whether the force used was excessive is peculiarly a question for the trial court or jury.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Spencer Thorpe, and Haas & Dunnigan, for Appellants.

D. Z. Gardner, for Respondent.

SLOSS, J.—Action to recover damages for personal injuries resulting from an alleged assault and battery by the defendants upon the plaintiff.   The cause was tried without

a jury, the court making its findings in favor of the plaintiff, and entering judgment in her favor for three hundred dollars. The defendants appeal. Their only contention is that the evidence fails to sustain the findings.

It appears that the defendant Guy V. Colf, as contractor, had undertaken to construct a dwelling-house for the plaintiff. A dispute arose concerning the completion of the contract, and the owner agreed with the contractor that if the latter would do certain specified work, Mrs. McLean would consider the contract as completed. This understanding was embodied in a letter signed by Mrs. McLean and her husband, and addressed to Colf. On the following day Colf, with his codefendants, came to the house to do the work agreed upon. Mrs. McLean met them, and requested certain other changes in place of those specified in her letter. To this the contractor assented. He proceeded to write a new agreement embodying the new terms. He laid the letter of the preceding day on a table, and was proceeding to write the new agreement when the plaintiff took the letter and placed it inside her bodice, stating that she would keep it. Colf demanded its return, which was refused, and he thereupon attempted to take it from her by force. The plaintiff resisted, and Colf called his codefendants to his aid. The three men continued their efforts to take the paper from the plaintiff, she meanwhile resisting and screaming, until a neighbor appeared on the scene, whereupon the defendants desisted. According to the plaintiff's testimony, which was in some degree corroborated, the defendants treated her with considerable roughness, not to say brutality, inflicting bruises and swellings upon her person, and causing her pain from which she suffered for two weeks or more.

The claim of the appellants that the paper was the property of the appellant Guy V. Colf; that the plaintiff, by seizing it, gained only a momentary custody, rather than the possession, of it, and that said Colf had the right to use force to protect his possession, or to regain his momentarily interrupted possession, may be conceded. But the right to use force, particularly as against the person of another, is always limited by the condition that the force must be no more than is reasonably adequate and necessary to the occasion. (5 C. J. 631; 2 Am. & Eng. Ency. of Law, 2d ed., 981; *Chapell* v. *Schmidt,* 104 Cal. 511, [38 Pac. 892].) In this case the

court made a finding "that the amount of force and violence used by the defendants in committing the assault and battery upon the plaintiff was unreasonable and excessive and unduly violent." Without going into any further recital of the details of the occurrence, as testified to by plaintiff, it may be said that the evidence is ample to sustain this finding. Although Colf may have had a technical right to the paper, its ownership and possession were of little or no substantial value. The claim of the appellants that their failure to regain the paper conclusively establishes that they did not use more than the "necessary" force is without merit. Their want of success may have been due to a variety of causes other than their own moderation. The question whether excessive force has been used is peculiarly one of fact for the trial court or the jury, and, under the circumstances here shown, we cannot. interfere with the conclusion reached.

The judgment is affirmed.

Richards, J., *pro tem.,* and Victor E. Shaw, J., *pro tem.,* concurred.