[Civ. No. 2176.   Third Appellate District.—October 25, 1920.]

# E. E. MILLER, Respondent, v. J. J. TURNER et al., Appellants.

[1] FALSE IMPRISONMENT—ACTION FOR DAMAGES—RECOVERY ON OFFICER'S BOND.—Under section 961 of the Political Code, an individual may bring an action for damages for false imprisonment against the sureties on the official bond of a town marshal.

[2] ID.—PLEADING—SEVERAL COUNTS.—In an action against a town marshal and the sureties on his official bond for damages for false imprisonment, while it is unnecessary for the plaintiff to set forth the facts with slightly varying phraseology in three different counts, the fact that he does so constitutes no cause for complaint on the part of the defendants.

[3] ID.—FALSE IMPRISONMENT ON VAGRANCY CHARGE—JUDGMENT—EVIDENCE.—In this action against a town marshal and the sureties on his official bond for damages for false imprisonment, the conclusion of the trial court that the arrest of the plaintiff, without a warrant, on the charge of vagrancy was entirely without authority or excuse was amply supported by the evidence.

[4] ID.—MALICE—IMMATERIAL ELEMENT—FINDING UNNECESSARY.—In such action, the complaint having been drawn upon the theory of false imprisonment, or an arrest without probable cause, the element of malice was not involved in the plaintiff's cause of action, and no finding in regard thereto was necessary.

[5] ID.—EXCESSIVE DAMAGES.—In this action for damages for false imprisonment, considering the facts that plaintiff was confined for about five hours in a repulsive and filthy jail and, on account of his arrest and confinement, was subjected to great humiliation and suffered the taunts and jeers of his neighbors, the mental disturbances caused thereby, while not capable of exact measurement, could not be said to be more than compensated by the trial judge's award of $450 damages.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

James T. Matlock and N. A. Gernon for Appellants.

J. M. Lee and W. P. Johnson for Respondent.

BURNETT, J.—The action was for damages for false imprisonment and was tried without a jury. The court awarded the plaintiff the sum of $450, and from the judgment the appeal has been taken. The gist of the action is shown by the following allegations of the complaint: "On the twenty-first day of August, 1918, at and in the said town, the said J. J. Turner, with force, and without any public offense having been committed or attempted in his presence by the plaintiff, and without an order, warrant, or process of any court so to do, did seize and arrest the plaintiff on a pretended charge of vagrancy and did then and there, against the will of the plaintiff, imprison him in the town jail of said town and there restrain him of his liberty for a space of five hours; that at the time of said arrest and imprisonment of the plaintiff as aforesaid, the said J. J. Turner, by virtue of his official duties as marshal as aforesaid, was the custodian of said jail and in charge of and using the same for the confinement of prisoners; that the plaintiff submitted to said seizure, arrest, and imprisonment by reason of the fact that the said J. J. Turner was then and there marshal as aforesaid, and that said J. J. Turner would not have made said arrest but for the fact that he was such marshal and claiming that a public offense, to wit, vagrancy, had been committed in his presence by the plaintiff at said time." The action was brought against said Turner as marshal of the town of Tehama, and the sureties on his official bond.

[1] The first point made by appellants is that a suit on such official bond will not lie in behalf of an individual. But a complete answer to this contention is found in section 961 of the Political Code, from which it is sufficient to quote the concluding clause: "And any person so injured

or aggrieved may bring suit on such bond, in his own name, without an assignment thereof.''

The claim that the demurrer should have been sustained to the complaint is equally without merit. Therein is involved no uncertainty or ambiguity and the facts are sufficient to constitute a cause of action. [2] The facts were set forth with slightly varying phraseology in three different counts. This was unnecessary, but it constitutes no cause for complaint on the part of the appellants. Without setting forth the allegations of the complaint it is sufficient to say that it contains all that is requisite under the doctrine announced in *Gomez* v. *Scanlan,* 155 Cal. 528, [102 Pac. 12].)

[3] It cannot be successfully urged that the evidence is insufficient to justify the decision. The marshal had no warrant for the arrest of plaintiff, and the only attempted justification for his action is based on the claim that Miller committed the crime of vagrancy in the presence of the officer because Miller said he did not want a job. This, indeed, would be very slight consideration upon which to base the arrest, but even that was denied by Miller, who said that he told the marshal that he was going to Corning to see if he could get a job there, and that thereupon the marshal said, ''I will give you a job,'' and arrested him and put him in jail. Miller further testified that at the time he had in his pocket some $465, and that he had been in the town of Tehama only a few minutes before the arrest was made. In brief, there is ample support for the conclusion that the arrest was entirely without authority or excuse.

It is entirely immaterial whether the defendant Turner was the actual custodian of the jail. In that respect it is sufficient to say that he carried the keys to the jail and locked the plaintiff in the cell.

[4] The court was not required to find specifically upon the allegation of the answer that the arrest was made without malice. If the action had been for malicious prosecution such allegation and finding would be material, but the complaint having been drawn upon the theory of false imprisonment, or an arrest without probable cause, the element of malice was not involved in plaintiff's cause of action, and hence, no finding in regard thereto was neces-

sary. (*Nelson* v. *Kellogg,* 162 Cal. 621, [Ann. Cas. 1913D, 759, 123 Pac. 1115] ; *Neves* v. *Costa,* 5 Cal. App. 111, [89 Pac. 860].)

Certain specifications of errors of law are contained in the brief of appellants, but as no reason is urged or authorities cited in support thereof, we pass them by without specific consideration, further than to say that we perceive therein no prejudicial error.

[5] The only contention of appellants that seems to possess even the semblance of any merit is the claim that the damages are excessive. But in considering this point we must remember the well-established principle, as declared in *Gomez* v. *Scanlan,* 155 Cal. 528, [102 Pac. 12], as follows: "The amount of money which will compensate one for an unwarranted restraint of his person is not the subject of exact computation. Especially is this true where the invasion of the right of personal liberty is accompanied by circumstances causing humiliation, shame, and public disgrace to the party injured. In cases of this kind the extent to which the allowance may go must, in large measure, be left to the sound discretion of the jury." In 19 Cyc., page 372, the rule is stated as follows: "In fixing the amount of damages a jury is justified in exercising a liberal discretion with due reference to the place of plaintiff's detention, as well as duration of the detention, and the oppressive or humiliating treatment by defendant which may have characterized the detention for which plaintiff brings his action." In viewing this feature of the case we must, of course, accept the statements of plaintiff as embodying the true situation. So viewing the record we find him confined for about five hours in a repulsive and filthy jail, and on account of said arrest and confinement being subjected to great humiliation, and also suffering the taunts and jeers of his neighbors. The mental disturbance caused thereby, while not capable of exact measurement, assuredly cannot be said to be more than compensated by the award which was made by the learned trial judge. In this particular it is not deemed advisable to notice in detail the various cases that have been cited on the subject, many of them being set forth in a note appended to the above quotation from Cyc.

From a review of the whole record, we cannot say that there is any legal justification for interfering with the conclusion of the trial court.

The judgment is, therefore, affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1920.

All the Justices concurred.