[Civ. No. 15365. Second Dist., Div. Two. Oct. 9, 1946.]

HOWARD C. BALLEW, Appellant, v. WILFRID DAVIS, Respondent.

Hahn, Ross & Goldstone for Appellant.

Boyle, Holmes, Fry & Garrett for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover damages for an alleged assault and battery, plaintiff appeals.

The evidence being viewed in the light most favorable to defendant (respondent), the essential facts are these:

On April 12, 1945, about 11:30 a. m., plaintiff, a newspaper photographer, and defendant, associate manager of the Southern California Symphony Association, were waiting at the Pasadena railroad station for the arrival of a train upon which Signor Toscanini was traveling. Defendant approached plaintiff and asked him if he intended to take a flashbulb picture of Signor Toscanini. In response plaintiff replied, ''Who the hell are you?'' Defendant stated that he was the associate manager of the Southern California Symphony Association and again inquired whether plaintiff intended to take a flashbulb of Signor Toscanini. Upon receiving an affirmative reply defendant requested plaintiff not to take such a photograph and stated to plaintiff that the discharging or igniting of flashbulbs in the presence of Signor Toscanini was harmful to the latter, would cause him physical pain, hurt his eyes and might incapacitate him from conducting the benefit performance of the Los Angeles Philharmonic Orchestra. In reply, plaintiff said, ''Who the hell is Toscanini. Get out of my way.'' While the above conversation was in progress the train bearing Signor Toscanini stopped at the station and he was standing in the vestibule of one of the cars. Defendant placed himself between plaintiff and Signor Toscanini, whereupon a scuffle ensued between plaintiff and defendant as a result of which plaintiff suffered injuries to his back and lacerations of three fingers of his right hand.

The trial court found that defendant acted in self-defense. The finding being thus:

''That at the time and place mentioned in paragraph I of plaintiff's complaint, the plaintiff repeatedly threatened to assault and actually assaulted the defendant and would have struck him with a camera or camera tripod or with his fists if defendant had not defended himself against the plaintiff; that in order to defend himself against said repeated assaults, defendant necessarily pushed plaintiff off his balance and laid his hands on plaintiff and held him with barely sufficient force to restrain plaintiff from doing or attempting to do bodily injury to defendant.''

Since the sufficiency of evidence to sustain the foregoing finding is not questioned and no other attack is made upon it, it is clear that defendant, in the altercation between the parties, used only such force as was necessary to protect

himself from bodily injury. This he had a legal right to do. (Civ. Code, § 50.)

In view of the fact that defendant acted in self-defense, it is immaterial whether or not (1) he used only sufficient force to prevent plaintiff from causing injury to Signor Toscanini, (2) the trial court erred in excluding expert testimony as to the effect of flashbulbs, (3) the trial court erred in permitting evidence relative to instructions given defendant by his employer, and (4) the court erred in finding that the force used by defendant was necessary after plaintiff offered to take pictures without a flashbulb.

There is likewise no merit in plaintiff's contention that the trial court based its judgment upon what defendant believed was necessary under the circumstances rather than upon what a reasonably prudent man would have believed under the circumstances. Since the record does not disclose the rule applied by the trial judge it will be presumed, in the absence of a showing to the contrary, that he applied the correct rule of law. Also in view of the unquestioned finding that defendant acted in self-defense, plaintiff's contention that the freedom of the press is being violated is devoid of merit. There is nothing in the evidence in this case which shows that defendant attempted or intended to prevent publication of photographs of Signor Toscanini in the public press. On the contrary the evidence established that arrangements had been made to supply the newspapers with such photographs.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.