[Civ. No. 18729.   Second Dist., Div. Three.   Feb. 19, 1952.]

HAROLD J. HAEUSSLER, Appellant, v. EMIL
DE LORETTO, JR., Respondent.

Canfield & Westwick and George Westwick for Appellant.

James M. De Loretto for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment for
defendant in an action for damages for assault and battery.
The cause was tried by the court without a jury.

The evidence, stated in the light most favorable to the pre-
vailing litigant, discloses that on May 21, 1950, about 10:30
p. m., plaintiff went to the home of defendant, a neighbor,
to inquire about his .dog which was missing and which fre-

quently had gone to defendant's home. The dog had been the subject of disagreement between the wives of the parties on several previous occasions. When defendant, in response to plaintiff's knock, opened the door, the dog ran out from inside the house. Defendant testified that plaintiff immediately started talking in a loud tone of voice, told him he did not want defendant or his wife to feed the dog or keep it at their house; that plaintiff kept "waving his hands, and while he talked, his face was pretty flushed and he was pretty excited, like he had been drinking, and he kept arguing with me and one word led to another and I don't know the man, but I do know of him. I know he had trouble with the Teamsters' Union and Frowiss and him beat up a couple of friends of mine, and I got a little afraid, and towards the end, after I had asked him to go three times, and he kept waving his hands, I thought he was going to strike me, and I struck him or pushed him, and I went in and closed the door." Plaintiff called the police but no arrest was made nor was any criminal action had.

The court found that plaintiff precipitated the argument; defendant ordered plaintiff to leave his premises; plaintiff advanced threateningly toward defendant; defendant struck him once; two of plaintiff's teeth were loosened, necessitating dental care; defendant used reasonable force in defense of himself and in removing plaintiff from his premises; plaintiff failed to prove by a preponderance of evidence that defendant used or attempted to use wilful and unlawful force upon the person of plaintiff.

The issue of self-defense was pleaded by defendant and litigated. The determination of which of the two parties precipitated the fight, and whether defendant acted in self-defense, and whether in so doing he used more force than was reasonably necessary under the circumstances, were questions for the trier of fact. (*Landegren* v. *Quilici,* 52 Cal.App. 2d 213, 216 [126 P.2d 141].) One who is involved in an altercation with another has the right to use such force as is necessary to protect himself from bodily injury, and the question of the amount of force justifiable under the circumstances of a particular case is also one for the trier of fact. (Civ. Code, § 50; *Ballew* v. *Davis,* 76 Cal.App.2d 418, 420 [173 P.2d 317]; *McLean* v. *Colf,* 179 Cal. 237, 238-239 [176 P. 169]; *Fawkes* v. *Reynolds,* 190 Cal. 204, 212 [211 P. 449].) As the court found that defendant used reasonable force in defense of himself, it necessarily follows

 365

the force used was not wilful or unlawful and that plaintiff failed to sustain the burden of proof. Since the conflicts in the evidence were resolved in defendant's favor, and the foregoing narration of the evidence supports the findings, this court may not disturb the judgment.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.