265 P.2d 194]

## Appellate Department, Superior Court, Fresno

[Civ. A. No. 13.   Nov. 12, 1953.]

D. C. BAINES, Respondent, v. E. C. BRADY, Appellant.

C. M. Ozias and James M. Thuesen for Appellant.

Hugh W. Goodwin for Respondent.

CONLEY, J.—This is an appeal by the defendant from a judgment against him in the sum of twenty-five dollars ($25.00) for false imprisonment. The appellant raises two points in his brief: first, he contends that the record fails

to establish any false imprisonment; and secondly, he argues that the proof does not justify the amount of the award.

Findings of fact were waived, through the failure of either party to request them (Code Civ. Proc., § 632); consequently, it must be assumed that the trial court decided every essential factual issue in favor of the plaintiff; furthermore, this court must view conflicting evidence in the light most favorable to the respondent. (*Mastrofini* v. *Swanson*, 114 Cal.App.2d Supp. 848 [250 P.2d 764].)

The defendant is a police officer of the City of Fresno. In the course of his duties, he and a fellow-officer entered the pool room of the "Lucky House"; there they saw a man named Anderson, apparently committing an assault with a knife. The officers questioned several people in the crowded room but received no helpful information from anyone, except the plaintiff; he stated that the apparent assault was "all in fun," and that he was willing to take Anderson home; he requested them on at least two occasions not to arrest his friend. Officer Brady testified that he advised the plaintiff "to desist in his attempts to prevent the investigation" and "to go out and get some fresh air." Officer Davila called the patrol wagon, driven by Officer Kelly, and Anderson was placed in the wagon in the presence of 15 or 20 onlookers; the plaintiff again protested the arrest of Anderson, stating that Officer Brady was "picking on the colored people."

Officer Brady then said to the plaintiff that he had previously advised him to leave, but that he desired to talk further with him with reference to the suspected assault. The defendant further testified positively that he never intended to file charges against the plaintiff, or to place him in jail. He said to the plaintiff: "Since you want to help your friend, you can get in with him."

Baines was placed in the patrol wagon, after being searched for weapons, and the wagon drove from the scene; when the patrol wagon had traversed approximately three-quarters of a city block, the officers received a radio call requiring early attention, and upon the defendant's orders, the plaintiff was released from custody. Anderson was later booked at the jail for drunkenness.

The record, therefore, discloses a situation in which a police officer, not intending to arrest the plaintiff or to charge him with any offense, nevertheless, placed him in a police patrol wagon in.the presence of a crowd of onlookers, and

there detained him against his will. That this constituted false imprisonment is perfectly clear.

"False imprisonment is the unlawful violation of the personal liberty of another." (Pen. Code, § 236.) ▆ In *People* v. *Agnew*, 16 Cal.2d 655, 659 [107 P.2d 601], the Supreme Court quotes with approval. the following excerpts from 22 American Jurisprudence, page 359:

"In order to constitute a case of false imprisonment, it is essential that there be some restraint of the person; but it is not necessary that there be confinement in a jail or prison. Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty or is compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment. The wrong may be committed by acts or by words, or by both, and by merely operating upon the will of the individual or by personal violence, or both. . . ." (See also *Vandiveer* v. *Charters*, 110 Cal.App. 347, 355 [294 P. 440]; *Coyne* v. *Nelson*, 107 Cal.App.2d 469 [237 P.2d 45].)

The case of *Gisske* v. *Sanders*, 9 Cal.App. 13 [98 P. 43], relied upon by the appellant turned on two facts not present in the instant case: (1) The plaintiff, who was himself suspected of committing a crime, voluntarily accompanied the defendant police officer to the jail; and (2) the actual detention thereafter was ordered and carried out by police officials other than defendant. ▆ It is true, as stated in *Miller* v. *Fano*, 134 Cal. 103 [66 P. 183], that, it is the duty of every good citizen, when called upon, to give all information in his power to the proper officers of the law as to persons connected with crimes and good citizens usually willingly carry out this injunction. In passing, it should be observed that the plaintiff herein did answer the questions of the investigating officers and doubtless he maintains that he gave a full and correct account of the facts. If a person does not willingly talk with an investigator, there is no law that permits his arrest or detention by the police on that ground. ▆ A citizen who is not charged with, or suspected of, a crime, cannot be arrested or detained by a policeman in the course of his duties, and any alleged inconvenience caused to the investigating authorities by this principle is far outweighed by the rights of citizens to be protected in their personal liberty.

Appellant also contends that there is no adequate proof of damages. ▆ The measure of damages for false imprisonment is the amount which will compensate a plaintiff

for all detriment proximately caused by the wrong done, whether such detriment could have been anticipated or not. ▇ Physical inconvenience and mental suffering following upon a false arrest are proper elements of damage. ▇ The trier of facts has considerable discretion in determining the amount of damages where the illegal restraint is accompanied by circumstances causing humiliation, shame and public disgrace. (*Gomez* v. *Scanlan,* 155 Cal. 528, 533 [102 P. 12]; *Nelson* v. *Kellogg,* 162 Cal. 621, 624 [123 P. 1115, Ann.Cas. 1913D 759]; *Riffel* v. *Letts,* 31 Cal.App. 426 [160 P. 845]; *Miller* v. *Turner,* 49 Cal.App. 653 [194 P. 66]; *Collins* v. *Jones,* 131 Cal.App. 747, 754 [22 P.2d 39].)

▇ A reviewing court should not interfere with an award of damages unless ". . . the allowance is so grossly disproportionate to a sum reasonably warranted by the facts as to shock the sense of justice and raise a presumption that it was the result of passion or prejudice." (*Coyne* v. *Nelson,* 107 Cal.App.2d 469, 475 [237 P.2d 45].)

For the foregoing reasons, it is ordered that the judgment appealed from be, and it hereby is, affirmed.

Shepard, P. J., and De Wolf, J., concurred.