[Crim. No. 1253.   Fourth Dist.   Apr. 15, 1959.]

THE PEOPLE, Respondent, v. MYRTLE EMMER FILCHER, Appellant.

J. M. Lopes for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David B. Allen, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged with having assaulted one J. D. Miller with a deadly weapon in Tulare County on or about June 1, 1958. A jury trial resulted in a verdict of finding her guilty as charged. Her application for probation was denied and she was remanded and committed to the custody of the sheriff of Tulare County for the term of six months.

Appellant, Myrtle Emmer Filcher, and her husband owned and operated a café and tavern near Tulare. On June 1, 1958, at about 8 p.m., one J. D. Miller entered the bar, ordered a beer, took it back to the card room and played poker for about 45 minutes. When he returned to the bar, appellant was seated at a table nearby with Troy Miller, Joanne Miller, Troy Tuggle and Mr. and Mrs. Homer Miller. J. D. Miller bought drinks for all of them and paid for them with a $20 bill. When he had not received his change he asked appellant when he was going to get it and she went to see about it. When she returned

to the table and started to sit down, someone pulled the chair out from under her and she sat on the floor. Troy Miller helped her up and Homer Miller said it was Troy Miller who had pulled the chair out from under her. Appellant replied, "No, it wasn't Troy. It was J. D. Miller." J. D. Miller laughed and said nothing and appellant then said, "That low down son-of-a-bitch pulled the chair out from under me." Appellant then went behind the bar and picked up a plastic water pitcher, which she threw at J. D. Miller. He ducked out of the way and grinned about it and said, "If you were a man, I would take you outside and work you over." Appellant then said to the bartender, "Give me the gun and I will shoot him." She then walked over to a drawer near the cash register, took out a gun which she laid across the bar and aimed at J. D. Miller, ordering him to leave. Miller at that time was standing by a pool table. Troy Tuggle had hold of his right arm and Joanne got between J. D. Miller and appellant and said, "If you want to shoot somebody, shoot me." J. D. Miller shoved her out of the way and stood leaning up against the pool table with his hands at his side and said, "Go ahead and shoot." Appellant then pulled the trigger and shot J. D. Miller in the right side. Miller then walked over to a pay phone and called the police department.

At the trial appellant testified that she did not know who pulled the chair out from under her but she thought it was J. D. Miller; that when she went behind the bar to get a drink, Miller followed her on the outside of the bar, using vile language and calling her names; that she asked him to leave several times; that she picked up the gun because Miller made a dash to the bar as if he were coming across it and that she did not intend to kill him when she shot but only to scare him. In her statement to the officers shortly after the shooting, she made no claim that Miller was moving toward her when the shot was fired.

█ Appellant first argues that the evidence does not sustain the judgment. We find no merit in this argument. While there was some conflict in the testimony, the jury chose to believe the witnesses for the prosecution and there was ample evidence to sustain the charge. Appellant aimed a loaded gun at Miller, pulled the trigger and the bullet hit him when he was standing 10 to 15 feet away and making no motion toward the appellant. These acts clearly constitute assault with a deadly and dangerous weapon. (*People*

v. *McCaffrey,* 118 Cal.App.2d 611, 618 [258 P.2d 557] ; *People*
v. *Thomas,* 103 Cal.App.2d 669, 672 [229 P.2d 836].) While
there was evidence of name calling and vile language being
exchanged between appellant and Miller, this did not justify
the shooting. (*People* v. *Mueller,* 147 Cal.App.2d 233, 239
[305 P.2d 178].) The issue of self-defense involved a factual
determination by the jury and its determination cannot be
disturbed on appeal since there is sufficient substantial evi-
dence to support it. (*People* v. *Walker,* 99 Cal.App.2d 238
243 [221 P.2d 287].)

■ Appellant next argues that the court erred in its rul-
ing on the admissibility of evidence. However, she made no
reference to any specific ruling of the court in this connec-
tion and cites no authority. Her failure to specify the prej-
udicial feature of the evidence must be taken to mean that
there is none. (*People* v. *Shafer,* 101 Cal.App.2d 54, 61 [224
P.2d 778].)

■ Appellant claims there was prejudicial misconduct on
the part of the district attorney in offering in evidence ap-
pellant's statement made to the officers after the shooting. No
objection was made by appellant's counsel to the introduction
of the statement and no assignment of misconduct or request
that the jury be instructed to disregard it was made. The
statement was made by appellant freely and voluntarily and
contained an admission that she fired a gun at and hit Miller.
Under these circumstances there was no prejudicial miscon-
duct on the part of the district attorney. (*People* v. *Hurst,*
36 Cal.App.2d 63, 65 [96 P.2d 1003].)

■ Appellant contends that the district attorney was
guilty of prejudicial misconduct in the cross-examination of
witness Wilson, a defense witness. Wilson was asked if he
had been recently picked up in Tulare and charged with being
a convict in possession of a gun capable of being concealed
and if he had been released on bail and who put up the prop-
erty bond. Witnesses were called to show that appellant had
posted one of the property bonds. No objection was made to
the questions asked or to the admissibility of the evidence
and the objection to the admissibility may not be made for
the first time on appeal. (*People* v. *Willis,* 30 Cal.App.2d
419, 421 [86 P.2d 670].) No prejudicial error appears in
this connection.

■ Appellant contends that certain instructions given by
the court constituted error. However, no authorities are cited

in this connection and no argument is made to support this contention. It is argued that the jury should have been instructed that it could return a verdict of simple assault. However, since appellant made no request for such an instruction she can not now complain. (*People* v. *Arguilida,* 85 Cal.App.2d 623, 625 [193 P.2d 478].) Moreover, where, as here, the evidence shows that if appellant was guilty at all she was guilty of the higher offense, it was not error to fail to instruct the jury on simple assault. (*People* v. *McCoy,* 25 Cal.2d 177, 187 [153 P.2d 315].)

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.