[Civ. No. 6362.   Fourth Dist.   Oct. 25, 1960.]

Estate of CHARLES F. BIALY, Deceased. PEARL BIALY, an Incompetent Person, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCI-ATION (a National Banking Association) as Executor, etc., et al., Respondents.

M. S. Bernard and Arthur M. Bradley for Appellant.

Guerin & Guerin, John J. Guerin and David Welts for Respondents.

GRIFFIN, P. J.—This is an appeal from a judgment against the plaintiff, Pearl Bialy, and in favor of the defendants, the executor of the will of Charles F. Bialy, deceased, Marie B. Turner and Teresa Musselwhite, beneficiaries under the will of Charles F. Bialy, deceased.

This case was before this court in *Estate of Bialy*, 169 Cal. App.2d 479 [337 P.2d 511], and reference thereto for a more detailed statement of the factual background is made. On reversal of the former judgment, a new trial was had. The action was consolidated with and tried as a part of the probate proceedings in the matter of the estate. All of the evidence introduced in the prior case was again introduced in evidence and the record under the previous appeal was incorporated in the record under rule 11 (b), Rules on Appeal. In addition, other evidence was introduced on certain issues.

Plaintiff sought to have the executor declared constructive trustee of claimed community property and sought a declaratory judgment declaring that a property settlement agreement between plaintiff and Charles F. Bialy, deceased, was

void and that there was a valid and existent marriage between plaintiff and decedent at the time of his death.

At the second trial, evidence was introduced for the purpose of showing that at the time of the execution of the property settlement agreement, at the time of a certain declaratory relief action in the Pasadena branch of the Superior Court of Los Angeles County between the husband and wife, and at the time of an interlocutory decree of divorce, the decedent and the plaintiff were not dealing at arm's length because the decedent at all times obstructed her will and denied her the opportunity of independent advice as to her rights and remedies. Evidence was presented to show that the plaintiff was, at the time of the execution of the property settlement agreement, at the time of the declaratory relief action, and at the time of the interlocutory decree of divorce, incompetent to manage her affairs and advise and cooperate with counsel. Plaintiff's counsel, on a motion for a new trial, produced some evidence of an organic brain disorder caused by head injury to plaintiff in 1950. Just prior to the motion for a new trial, Christine Borus was appointed guardian *ad litem* for the plaintiff.

After considering the entire testimony and evidence, the court found generally according to the previous findings and that by the terms of decedent's will he declared that he was married to plaintiff herein, but that an interlocutory judgment of divorce had been granted to him, and that he fully intended to apply for a final decree of divorce when permitted by law to do so; that he had two children by plaintiff, namely, Alfred S. Bialy and Mary Bialy; that he had two children by a former spouse, namely, the defendants Turner and Musselwhite; and that all property standing in his name was his separate property; that, by the terms of said codicil, said decedent willed a life estate in his residence property to the plaintiff herein; that plaintiff and decedent entered into a written property settlement agreement on August 16, 1952, and in the negotiations therefor each of said parties was represented by an attorney of his or her own selection; that plaintiff and decedent owned no community property at the time of decedent's death; that in reference to the property settlement agreement the parties were dealing at arm's length and the court rejected plaintiff's additional claim here made that she was incompetent to manage her affairs or cooperate with her employed counsel during the periods in question. The court then concluded that the judgment in the declaratory

relief action, which was tried in the Pasadena branch of the superior court, and the interlocutory decree of divorce in action number 62824 of that court were res judicata on the validity of the said property settlement agreement of August 16, 1952; and that their rights were settled in the said property settlement agreement. Judgment for defendants was accordingly rendered.

The trial court's finding that the prior decisions involving the property settlement agreement and its validity were res judicata in respect to the instant proceeding, and that the property rights of decedent and plaintiff were settled therein, has evidentiary support. (*Estate of Bialy, supra,* 169 Cal.App.2d 479 [337 P.2d 511].)

The court's further finding that decedent did not prevent plaintiff from presenting her claim of alleged fraud in the previous actions and that such claim was placed in issue in the amended complaint filed herein and decided adversely to plaintiff, is supported by the evidence.

There was some evidence produced on the motion for a new trial as to the mentality of Pearl Bialy, both as to her present condition and her condition at the time of the execution of the property settlement agreement and at the time of the former trials. Due to some statement made during the trial, present counsel for plaintiff obtained a brain and psychiatric examination of plaintiff which resulted in the conclusion that her competency was limited to the simplest acts of daily living. Plaintiff's former attorney, who negotiated the agreement for her, testified that she was unable to understand her affairs and so she was assisted by an attorney selected by the decedent.

The trial judge conducted a thorough examination of plaintiff, while on the witness stand, regarding her education and general knowledge of her legal affairs. The answers appeared to be fairly intelligent. One expert psychiatrist examined the entire transcript of the testimony of Pearl Bialy in the former trial of this case and he concluded that she was a competent person at that time and prior thereto. There was further evidence that any present existence of brain injury, if any, did not indicate that such injury had existed for nine years, as contended by plaintiff. The conclusion was that she manifested no such neurological or psychiatric signs or symptoms of incompetency up to and including the time of the 1957 trial. At these several trials, she was represented by

several different attorneys and no claim was made therein as to her incompetency. On this conflict of evidence and personal observation of plaintiff by the trial judge, he denied a motion for new trial. No abuse of discretion appears in this respect. (*Estate of Bainbridge*, 169 Cal. 166 [146 P. 427]; *Clark* v. *Bradley*, 106 Cal.App.2d 537 [235 P.2d 439].) Since, upon sufficient evidence, the trial court found there was no community property involved, plaintiff could claim no prejudicial error in the failure of the trial judge to grant a new trial on the issue of competency.

The attempt to improperly raise, for the first time on appeal in appellant's reply brief, the question of claimed equitable and promissory estoppel is not only contrary to the Rules on Appeal but the claims are not justified under the pleadings, the evidence and the findings of the trial court. (*Richard* v. *Richard*, 123 Cal.App.2d 900, 903 [267 P.2d 867].)

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.