[Civ. No. 6767.   Fourth Dist.   Aug. 13, 1962.]

LARRY DEAN BOYER, Plaintiff and Appellant, v. ROBERT ROY WAPLES, Defendant and Respondent.

STEPHEN ALLEN NELSON, a Minor, etc., Plaintiff and Appellant, v. ROBERT ROY WAPLES, Defendant and Respondent.

(Consolidated Cases.)

Roby F. Hayes for Plaintiffs and Appellants.

William Henry Daubney for Defendant and Respondent.

CONLEY, J.*—The plaintiffs appeal from a judgment in favor of the defendant in consolidated cases which are based upon the same state of facts. The plaintiffs sued for injuries which they sustained while trespassers at night on the home property of the defendant; the defendant, allegedly acting in defense of his family and his home, fired shots from a .22 rifle, three of which took effect in each of the plaintiffs. The plaintiff Larry Dean Boyer did not appear for his trial, but the court properly held that the evidence established a prima facie case on behalf of each plaintiff. (*Lopez* v. *Surchia,* 112 Cal.App.2d 314, 318 [246 P.2d 111]; *People* v. *Filcher,* 169 Cal.App.2d 651, 653 [337 P.2d 588].)

In the complaints in the separate actions originally filed it is alleged that on or about June 7, 1960, in Vista, San Diego County, California, the defendant "did wilfully and unlawfully and with the intent to inflict bodily harm on the person of the plaintiff, fire a series of approximately 18 shots from a certain .22 caliber rifle"; that as a direct and proximate result of the "wilful, unlawful and malicious acts of the defendant as aforesaid, at least three (3) of the bullets so fired struck the plaintiff's person and did thereby inflict severe personal injuries." Plaintiffs prayed for the award of general and special damages. The answer in each of the cases contains

---

*Assigned by Chairman of Judicial Council.

a special defense : ". . . that the shooting occurred under circumstances in which [the defendant] was lawfully endeavoring to prevent and interrupt an intrusion upon the lawful possession of his property and in this connection, he used only that degree of force which was necessary under the circumstances to effect that purpose.''

The record shows that the defendant in fact did the shooting, that the plaintiffs were wounded and that they expended medical and hospital costs as a result of their injuries. The evidence also clearly shows that the plaintiffs were trespassers in the nighttime on the home property of defendant. The validity of appellants' argument for reversal therefore turns on the question whether there was substantial evidence to support the trial court's finding that the defendant was justifiably acting in protection and defense of his family and his property at the time the shots were fired.

Section 50 of the Civil Code provides: ''Any necessary force may be used to protect from wrongful injury the person or property of oneself, or of a wife, husband, child, parent, or other relative, or member of one's family, or of a ward, servant, master, or guest.''

The degree of force which may be used by a person in defense of himself, his family or his property must be limited to such force as would have appeared to be necessary to a reasonable man in all of the circumstances, knowing what the defendant knew, and facing the facts which presented themselves at the time to the defendant.

The burden of proof of the affirmative defense of justification for the assault and that the force used was not excessive was upon the defendant. (*Lowry* v. *Standard Oil Co.*, 63 Cal.App.2d 1, 7 [146 P.2d 57] ; *Marriott* v. *Williams*, 152 Cal. 705, 710-711 [93 P. 875, 125 Am.St.Rep. 87] ; *Hardy* v. *Schirmer*, 163 Cal. 272, 275 [124 P. 993] ; *Galloway* v. *United Railroads*, 69 Cal.App. 770, 774 [232 P. 491].) In *Vaughn* v. *Jones*, 31 Cal.2d 586, 599-600 [191 P.2d 432], it is said :

''The right of self-defense is not limited by actualities. The correct rule (quoted in *Fraguglia* v. *Sala* (1936) 17 Cal. App.2d 738, 744 [62 P.2d 783] ) is stated in 4 American Jurisprudence, page 152, section 50 : 'Generally stated, the force that one may use in self-defense is that which reasonably appears necessary, in view of all the circumstances of the case, to prevent the impending injury.' (See also 40 C.J.S. 985, § 115.) In emphasizing that the law of self-defense is

a law of necessity courts should never lose sight of the fact that the necessity may be either real or apparent.''

The trial court determined that the actions of the defendant were in defense of his home and family; that they were not malicious or unlawful, but were reasonable and proper under the circumstances.

Was there substantial evidence to justify the trial court's findings? Both of the young men were addicted to excessive use of alcohol, and both of them had indulged in a long series of acts of misconduct directed against the defendant and his family constituting extreme harassment of a nature which would give rise in a reasonable man to fear of acts of violence on their part. The defendant and his wife had four children living with them in the family home; the oldest child was defendant's stepdaughter, a girl aged 17, to whom attentions had been paid previously by the plaintiff Boyer; the girl had possession of rings which had been given to her by Boyer. Boyer, in addition to his drinking, was a man of apparently brutal instincts with little or no respect for the common decencies of civilized life. He had recently served a 30-day term in jail for malicious damage inflicted by him on an automobile owned by a former wife. Prior to the night in question, when accompanied by plaintiff Nelson, he had thrown a beer can through the bedroom window of defendant's home at 2:30 o'clock in the morning, shattering the glass from the window over the bed in which defendant and his wife had been sleeping. He had threatened the stepdaughter of defendant at a time when she told him that their engagement must be terminated and had stated that he would kill her; he had held a knife to her throat and had inflicted a cut of several inches under her chin. The plaintiff Nelson had visited numerous times at the home of the defendant, and on one occasion, having come there intoxicated, the defendant had told him to leave and not to return while intoxicated. A warrant of arrest had been issued arising out of the beer can incident, but the warrant had not been served prior to the night in question. The two young men, who were inseparable companions, had indulged in a long course of misconduct toward the defendant and his family. They would call up the family home at all hours of the day and night, and when defendant or his wife answered, they would hang up. They frequented the neighborhood of his house, repeatedly blew their automobile horn, and ''dragged'' their car by sudden speedy starts, creating inexcusable noise and keeping the family

constantly troubled and frightened by their immediate presence. The harassment of the family was so exasperating that Mr. and Mrs. Waples had the telephone company assign them a new, unlisted number, and the defendant became so fearful as to the safety of himself and family that he borrowed a .22 rifle from a young friend and let it be known in the neighborhood that he had a gun with which to protect his family and property. This fact was communicated to the plaintiffs by a mutual acquaintance shortly before their midnight raid on the Waples property.

On the day in question Mr. and Mrs. Waples had served on the election board in the community. They returned to their home at about 9:30 p. m. and went to bed. But the defendant was in such a nervous and troubled state that he could not sleep. At midnight, or shortly before, he saw the black Mercury car of the plaintiff Boyer pass his house and park some distance down the street. He saw Boyer and Nelson get out of the car and, crouching low, sneak across an empty lot next to his house. He took the rifle from its place and stood by the kitchen door. He heard the back fence creak as the two plaintiffs crossed into his yard. He saw that Nelson was carrying an object in his hand which he believed was dynamite. He thought that Boyer and Nelson intended to seek revenge against him, his family and his property because of the warrant of arrest which had been issued and that they would use explosives or gasoline or some other flammable substance to damage or burn the house. The two plaintiffs stealthily approached the dwelling, outside a window of the room in which the stepdaughter was sleeping. The defendant called out to them; they did not halt but ran toward the front of the house where he feared their plan of revenge would be consummated. He first fired three warning shots into the ground, and then, shooting from the hip, poured out the remaining 15 shots in their direction, some of which took effect.

He approached Nelson, who was then lying on the ground, and asked him what he had in his hand. Nelson at first refused to answer but finally said it was an electric flashlight. That was the object which was carried by him as he approached and entered defendant's premises and which was never lighted during his progress over the fence and through the back yard of the defendant. The defendant thought that it was dynamite or some flammable substance and that its use was intended by the plaintiffs.

Counsel for appellants urges that the facts that the plaintiffs did not advance upon the defendant or threaten him personally, that defendant fired three warning shots and that plaintiffs were then running toward the front of the house, which was also the direction of the street, compel a conclusion that the force used by defendant was excessive. But this argument is oblivious of the fact that defendant had reasonable ground to believe that the plaintiffs intended to set off dynamite or start a fire at the front of the house, thus endangering defendant's family and home.

■ We cannot say as a matter of law that the defendant was not acting as a reasonable man in the circumstances shown by the evidence, considering his knowledge of the character and previous activities of the plaintiffs, or that he, in the circumstances shown by the record, used excessive force in the protection of his family and property. ■ The question of what force was reasonable and justified was peculiarly one for determination by the trier of fact. (*Haeussler* v. *De Loretto,* 109 Cal.App.2d 363, 364 [240 P.2d 654]; *Fawkes* v. *Reynolds,* 190 Cal. 204, 212 [211 P. 449]; *Riffel* v. *Letts,* 31 Cal.App. 426, 428 [160 P. 845]; *McLean* v. *Colf,* 179 Cal. 237, 239 [176 P. 169].) ■ And we conclude that the trial court had substantial evidence before it upon which to base the finding that the defendant justifiably acted in defense of his family and his home and that the force employed by him was not excessive.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.