[Civ. No. 6851.   Fourth Dist.   Oct. 4, 1962.]

LUIS PEREA RIVAS, Plaintiff and Appellant, v. ARNULFO AYALA, Defendant and Respondent.

*Assigned by Chairman of Judicial Council.

Marshall Miles for Plaintiff and Appellant.

Harold King for Defendant and Respondent.

SHEPARD, J.—This is an appeal by plaintiff from a judgment for defendant in a personal injury action.

## FACTS

Sometime between 12 midnight and 2 a. m. of May 3, 1960, at the Apache Café, San Bernardino, California, an altercation occurred between plaintiff, Luis Perea Rivas, age 34, weight 215, a cook's helper, and defendant Arnulfo Ayala, age 70, weight 165, a retired Santa Fe railroad worker. While the broad outlines of what happened are not in dispute, the exact details of how the altercation started in the café and who the aggressor was after they left the café are in sharp conflict. Because where such conflict exists this court is bound by the evidence which supports the findings and judgment of the trial court, we shall so relate it. (*Brewer* v. *Simpson,* 53 Cal. 2d 567, 583 [1-2] [2 Cal.Rptr. 609, 349 P.2d 289].)

About one year previously, Luis had been a tenant in a house belonging to Ayala and Luis had been evicted. Shortly thereafter, Luis and his uncle "Chevo" Rivas met Ayala returning home late at night in an intoxicated condition. The two Rivas attacked Ayala, knocked him to the ground and severely beat him. Some time before midnight of the night here in question, Ayala came to the café, sat on a stool at the bar about 5 feet from the door and next to Mary Bareta (a niece of Luis), ordering a Seven-Up for himself and a beer for Mary. Some time after midnight Luis came in and took

a seat at the bar several stools away and next to a Bobby Silva. A short time later Luis came close to Ayala, started a discussion involving "Chevo," and challenged Ayala to fight. Ayala refused. Luis kept repeating his challenge. The bartender ordered Luis to leave Ayala alone and finally ordered Luis to get out of the bar. Luis refused. Finally, Ayala left with Luis. As he walked out he saw a knife in Luis' hand.

Outside, Luis and Ayala walked a few paces around the corner. Luis swung his knife at Ayala. Ayala had a small pocket-knife with a 2 or 2½-inch blade which he evidently opened as they were walking. When Luis struck, Ayala struck back two or three times and cut Luis on the face and abdomen. All this took place in a few seconds or a minute. Luis walked away bleeding. Ayala did not follow him. Luis was taken to the hospital by others, for medical attention. Ayala had never before been in a knife fight.

Peculiarly, there were at least four other persons in the bar well known to both parties. But the only witness called by either party was a taxi driver who saw the parties walk out together, saw waving arms for a few seconds but could not see who struck what blow, if any, saw blood running from Luis and called the police. He contributed nothing to the question of who the aggressor was. Judgment was rendered for defendant. Plaintiff appeals.

## SELF-DEFENSE

Plaintiff first contends that as a matter of law defendant's actions cannot be justified as self-defense, citing as authority *People* v. *Hinshaw,* 194 Cal. 1 [227 P. 156] ; *Fraguglia* v. *Sala,* 17 Cal.App.2d 738 [62 P.2d 783]. ■■■ The quotation given by plaintiff from the *Hinshaw* case provides its own answer: " '. . . that self-defense is not available as a plea to a defendant who has sought a quarrel with the design to force a deadly issue and thus, through his fraud, contrivance, or fault, to create a real or apparent necessity for making a felonious assault.' "

The court found orally that plaintiff was the aggressor and also found in its written findings "That at the time and place of the occurrence in question the defendant herein acted in proper and reasonable self defense and used no more force than was reasonably necessary to repel the assault committed upon him by the plaintiff."

■■■ The evidence factually supports both the oral statement of the trial court and its written finding. The *Fraguglia*

case involved a fight between two rubbish truck workers. The judgment there was reversed because there was no evidence that defendant was the aggressor in the sense of the rule as set forth in the *Hinshaw* case.

Furthermore, the trial court may well have believed that defendant finally concluded that plaintiff would attack him in any event and that he would be at a disadvantage in the close quarters of the bar. Some of defendant's answers are inconsistent with this conclusion, but when the whole testimony is read together, with the defendant's lack of fluency and English understanding in mind, it becomes a possible conclusion. Plaintiff's continued insistence on fighting, his refusal to heed the orders of the bartender to leave defendant alone and get out, the fact that an open blade in plaintiff's hand was seen by defendant as they started out of the café, the fact that defendant had been previously attacked and inexcusably beaten by plaintiff and "Chevo," the fact that defendant obviously misunderstood the import of several questions, the answers that he was not "afraid" but felt it necessary to protect himself from a knife attack, plus the fact that defendant repeatedly asked plaintiff to leave defendant alone and to go away, all put together lend credence and support to such a belief. If such was the belief of the trial judge, it would render involuntary the willingness of defendant to remove the scene of the impending fight from the close quarters of the bar. In any event the evidence provided ample support for the court's finding. We find the case of *Ballew* v. *Davis,* 76 Cal.App.2d 418 [173 P.2d 317], more nearly in point. There, a photographer was found by the court to have been threatening to strike defendant because defendant was obstructing the photographer's view. Defendant therein was held to be acting in self defense when he anticipated the photographer's blow.

## MUTUAL CONSENT TO COMBAT

██ Plaintiff now contends, for the first time, that this was voluntary mutual combat and that self-defense may not be used as a defense in a damage action in case of voluntary mutual combat. But we need not examine this theory. It was not the theory upon which the case was pleaded or tried and was never suggested to the trial judge for his consideration at any time. ██ Theories never suggested to the trial judge, and which neither he nor the opposing party had any opportunity to consider at the trial level, are not

properly presented for the first time on appeal. (Cal. Rules of Court, rule 14*; *Richard* v. *Richard,* 123 Cal.App.2d 900, 903 [7] [267 P.2d 867]; *Estate of Bialy,* 185 Cal.App.2d 634, 638 [3] [8 Cal.Rptr. 663]; *Estate of Sayegh,* 118 Cal.App.2d 327, 332 [4] [257 P.2d 995].)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

*Formerly Rules on Appeal, rule 14.